GEORGE DIETRICH v. JOSEPHINE HEINTZ.

Decided January 2, 1907.

**Sale of Land—Oral Contract—Void.**

When it appeared from plaintiff's pleading and evidence that by oral contract, and in consideration of services rendered, he claimed an interest in certain real estate then owned by the defendant, the contract was void under the statute of frauds and the court properly instructed a verdict for the defendant.

Appeal from the District Court of Bexar County. Tried below before Hon. Arthur W. Seeligson.

*Salliway & McAskill* and *Haltom & Bell,* for appellant.

*Webb & Goeth,* for appellee.—In order that a trust in real estate may be established by parol agreement, such agreement must have been made prior to the acquisition of the title, otherwise the agreement would be in contravention of the statute of frauds. Sprague v. Haines, 68 Texas, 217; Masterson v. Little, 75 Texas, 689; Aikens v. Hale, 1 Posey, 318.

An express trust created by parol agreement can not be established unless the agreement was prior to the acquisition of the title. Toole v. Dibrell, 29 S. W. Rep., 387; Williams v. San Saba Co., 59 Texas, 442; Arnold v. Ellis, 20 Texas Civ. App., 271; Lacey v. Clements, 36 Texas, 663; Oury v. Saunders, 77 Texas, 280; Perry on Trusts, secs. 133 and 134; Williamson v. Gore, 7 Texas Ct. Rep., 176.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellee on September 12, 1904. Its nature will be best shown by stating the substance of plaintiff's petition. It is as follows: "That in 1878 defendant became the owner in fee simple of a certain lot situated at the corner of W. Commerce and N. Presa streets in the city of San Antonio; that at or about the time she was invested with title to the property she also became the owner and proprietress of a bakery which had theretofore been established and conducted on the premises by herself and prior husband; that wishing to continue the maintenance of the business as before, but being unacquainted with its management, she engaged plaintiff, who had previously been employed by her former husband in connection with it, to take charge of, manage and superintend it for her; that in order to induce him to accept such employment, she then promised him if he would do so and manage the business successfully so as to discharge certain liens upon the property, amounting to about $8,000, she would give him an interest in the premises to the extent of $4,000, which he should receive from any sale of the lot, and in addition to such interest pay him a monthly salary sufficient to enable him to live during the time." "That is to say," quoting here the language used in the petition, "defendant employed plaintiff to superintend and manage her said bakery, and the business appertaining thereto, and to work and labor for her in and about her said business, until she could make sufficient money to pay off and discharge said $8,000 indebtedness, and as a part consideration for his services in the premises she verbally agreed to give him an interest in said lot and improvements to the extent of $4,000."

That plaintiff accepted said employment and entered upon the performance of the services for which he was employed, and labored faithfully and diligently in such employment from 1878 to the 14th day of April, 1901, and extinguished said indebtedness against the property by the end of the year 1884, and by reason of the premises he became the owner of said lot and improvements jointly with defendant to the extent of four thousand dollars; that the defendant thereafter held the same in trust subject to the payment of said sum of money out of the proceeds of any sale thereof, and that she in many ways admitted and declared his interest in the property and that he was entitled to $4,000 out of the proceeds arising from the sale therof. That in 1884 defendant married Henry Heintz, and shortly after such marriage, she executed a

will wherein she acknowledged the trust in favor of plaintiff, and in devising the property to her husband, directed the same should be sold and that, from the proceeds arising from the sale, $4,000 should be paid plaintiff in pursuance of her trust obligation.

That on the 5th day of July, 1901, defendant sold said property, with plaintiff's consent, for the sum of $38,500, and at the time of the sale recognizing plaintiff's right to $4,000 of the proceeds by handing him $1,000, remarking at the time, "here you got $1,000, and the balance you get later."

That during the period of sixteen years he was in defendant's employment their relation was of the most confidential character, he trusting and esteeming her as a son would his natural mother, and she seemingly regarding him with motherly trust and consideration.

That on the 23d of August, 1904, plaintiff requested defendant to give him the balance of the amount or some writing showing the existence of such trust obligation, and that she then refused to comply with his request, and for the first time repudiated the trust and declared nothing more was due him from the proceeds of such sale.

The petition concludes with a prayer that defendant be declared trustee for plaintiff, and that he be adjudged entitled to the remaining $3,000 of such trust fund, with interest from the 23d day of August, 1904, at the rate of 6 percent per annum.

The defendant answered by specially excepting to plaintiff's petition upon the grounds: (1) because it appears upon its face that his demand was barred by the two years' statute of limitation; (2) because it appears from the petition that he claims an interest in land under a parol agreement, which contravenes the statute of frauds; and (3) because it is not alleged that the agreement was made prior to the time the real estate vested in defendant. She then pleaded a general denial and the two years' statute of limitation.

After hearing the evidence the court peremptorily instructed the jury to return a verdict for the defendant, and judgment was entered in her favor on the verdict returned in obedience to the charge.

It is obvious from the face of plaintiff's petition that it is based upon an oral contract for the sale of an interest, to the extent of $4,000, in land and is void. An equitable title to land can no more be created solely by contract, unless it be to acquire land, without there be some memorandum of it in writing signed by the party charged therewith, than can a legal title to land without such written memorandum. To establish his right to any part of the proceeds of the sale of the land it was essential for him to allege and show he had an equitable interest in the property, for until this was done equity could not lay its hands upon the proceeds as trust funds and take it away from the vendor and give it to plaintiff. And as it appears from the appellant's assignments of error that the statute of frauds was insisted upon by the appellee, and the charge of the court was predicated upon the fact that the contract was within the statute, it follows that plaintiff was not entitled to recover.

It is clear from the allegations in the petition that plaintiff did not sue for the value of his services, and that if he had sued on that ground his action would have been barred by the statute of limitation.

What we have said involves every question raised by the assignments of error, which are all overruled and the judgment affirmed.

*Affirmed.*