## HARALSON et al. v. WHEELER et al.

### No. 7966.

Court of Civil Appeals of Texas. Austin.

April 4, 1934.

Rehearing Denied April 25, 1934.

---

See, also, (Tex.Civ.App.) 57 S.W.(2d) 248.

H. E. Chesley, of Hamilton, Geo. W. Barcus, of Waco, and F. P. Bowman, of Goldthwaite, for plaintiffs in error.

N. C. Walker, of San Saba, and Henry Taylor, of Temple, for defendants in error.

BAUGH, Justice.

The parties will be designated as appellants and appellees. Trial was to the court without a jury. The case arose as follows: D. I. Haralson and wife, Sarah Haralson, owned and occupied prior to 1917 the 269 acres of land in Mills county, here in controversy. In 1917 Sarah Haralson died intestate and left surviving her husband and five children, four of whom, or their descendants, are appellants here; Bona Wheeler, née Haralson, appellee herein, being the fifth. At that time they owed community debts, secured by a lien on said lands, of approximately $1,000. Thereafter D. I. Haralson and his married daughter, Bona Wheeler, together with her husband, D. L. Wheeler, continued to occupy said lands, until 1925, when D. I. Haralson died intestate. After the death of Sarah Haralson, D. I. Haralson, joined by Bona and D. L. Wheeler, mortgaged said lands to secure various debts, most of which were primary obligations of D. L. Wheeler, on which D. I. Haralson was surety, aggregating approximately $5,000; but a part of which, the exact amount not being clear, was the separate indebtedness of D. I. Haralson. In 1925, after the death of D. I. Haralson, foreclosure proceedings were threatened against said land on all of said indebtedness. The appellants, all of whom then resided in New Mexico, and at the instance of D. L. and Bona Wheeler, undertook to convey either to E. B. Anderson or to Mrs. Bona Wheeler, as trustee, all of said land to enable Wheeler to refinance all of said indebtedness and prevent a foreclosure; but this conveyance was never delivered, or, if so, was lost and never recorded. In 1927, when foreclosure was again threatened, a new deed was executed by appellants, conveying all of their interests in said lands to Mrs. Bona Wheeler for a recited consideration, as follows: "In consideration of the

said Mrs. Bona Wheeler, assuming and agreeing to pay all the legal debts owing by the estate of D. I. Haralson and wife, Mrs. Sarah A. Haralson, deceased, secured by a lien on the lands hereinafter described."

This conveyance was a general warranty deed.

The basis of this suit, and the contention here made, is that there was an oral agreement between the grantors and the grantee that when Wheeler and wife had refinanced said debts and had mortgaged the lands involved as security therefor, they were to reconvey to each of the other children their respective undivided one-fifth interests in said lands, subject to the debts against the entire tract; and were to pay to each of them each year one-fifth of the money received from the sale of the pecan crop therefrom. That is, that said conveyance of their respective interests was not absolute, but merely in trust to Mrs. Bona Wheeler to enable her and her husband to refinance all of said outstanding indebtedness; and when that was done to reconvey to the grantors their respective interests, subject to such debts and liens against same. The Wheelers went into possession of the lands, mortgaged same to secure indebtedness aggregating about $6,000, which included not only the debts against said lands in 1917, but those of D. I. Haralson subsequently incurred, and those owing independently by D. L. Wheeler, whose debts then aggregated about $4,000. Wheeler and wife paid the taxes on said lands and remitted to the appellants the pecan money for 1925, 1926, and a part of that for 1927; but have since 1927 retained all of same. Appellants alleged a repudiation of said oral trust by the Wheelers, a refusal to reconvey appellants their claimed interests, and sought a recovery thereof. The appellees denied in their answers and in their testimony that they ever orally agreed to make such reconveyance, alleged that they had procured title for an onerous consideration, and asked that their title be quieted in them. The trial court rendered judgment for appellees on the ground that the recited consideration which obligated the appellee, Mrs. Bona Wheeler, to pay all of said outstanding debts, including those chargeable against the estates of D. I. and Sarah Haralson, was contractual in character, and that appellants could not be heard to vary it by parol.

▇▇▇ Appellees admitted that they agreed to pay the other children of D. I. and Sarah Haralson for their interests in said estate when and if they could pay off said indebtedness and save the lands from foreclosure, and that they had paid the appellants no consideration for their conveyance to Mrs. Bona Wheeler of their interests. But they expressly denied that they ever agreed to reconvey such interests to appellants as pleaded and testified to by them. It appears not to be controverted that D. I. Haralson, after the death of his wife, had incumbered his community interest in said lands to the extent of its full value. But he could not, of course, create a valid encumbrance, without their consent, on the community interest of his wife, which passed by inheritance to his children at the time of her death, except as to the debts then owing against said lands. The record discloses that appellees recognized the agreement claimed by appellants to have been made so far as the pecan crop was concerned for the years 1925, 1926, 1927, and 1928. The creditors of D. I. Haralson and of D. L. Wheeler and wife, who claim liens on said lands, are not parties to this suit, and we are not concerned with the validity of their liens. Prior to the time the deed here involved was executed, Mrs. Bona Wheeler had been appointed administratrix of the estate of D. I. Haralson and had in 1925 rejected the claim of one creditor, then aggregating about $6,000, against the estate of D. I. Haralson, on the ground that it was the primary obligation of herself and husband, D. L. Wheeler, on which D. I. Haralson was only accommodation surety and that the deed of trust on said lands given by herself, her husband, and D. I. Haralson covered only her interest in said lands, but did not include the interest of D. I. Haralson, nor the interests of the other children. At that time Mrs. Bona Wheeler claimed a two-fifths interest in said lands by virtue of her inheritance and a conveyance to her by one of her sisters of the latter's one-fifth interest therein. The major portion of the debts with which Mrs. Wheeler and her husband were concerned were their own obligations and, in addition to refinancing the debts of D. I. and Sarah Haralson which constituted a valid lien against said lands, we think it clearly appears that the principal purpose of said conveyance was to enable Mrs. Wheeler and her husband to mortgage same to secure their own debts. The debts assumed by Mrs. Wheeler were only the legal debts against the estate, for which it was liable in any event, and so far as a lien on the land was concerned that was already fixed for that purpose. Though she did assume, as her own obligation, the payment of such debts, that assumption was not such that she could

be compelled to pay. She being a married woman, and not joined by her husband in such assumption, she could repudiate it should she elect to do so. While such election was personal to her and her husband, and could not be exercised nor asserted by appellants, it was not a contract which could be enforced against her except at her option. Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Neighbors v. Anderson, 94 Tex. 489, 61 S. W. 145, 62 S. W. 417; G. M. A. Corp. v. Merritt (Tex. Civ. App.) 16 S.W.(2d) 296; 23 Tex. Jur., 44, 232.

The trial court recited in his judgment that there were liens against said land at the time of said conveyance of about $6,000, the approximate value of said land at said time. However, the holders of said liens were not parties to this suit and the validity of such liens could not properly be adjudicated in this proceeding. His judgment was predicated upon the conclusion that the assumption clause constituted a contractual consideration by Mrs. Wheeler, which could not be varied by parol; and obviously the trial court gave no consideration to the parol agreement alleged to have been made prior to the execution of said deed, and testified to by several of the appellants.

■ While appellees insist that the evidence was sufficient to sustain a finding of the trial court that no such agreement to reconvey was made, it affirmatively appears from the recitals in the judgment that such a finding was not the basis of the judgment. Appellees admitted that they paid appellants no consideration for their conveyance, and it is not controverted that it was made primarily for the benefit of the appellees. D. L. Wheeler, who procured the execution of the deed, admitted that he expected to pay appellants for their interest, when and if he could save the property from foreclosure, and this was not denied nor negatived by Mrs. Bona Wheeler, the grantee in the deed. Under all the circumstances, we think it clearly appears that Mrs. Bona Wheeler, so far as the parties to the deed were concerned, obtained and held the interests of the appellants as trustee, subject to the outstanding debts of their parents. Whether by such conveyance the appellees were enabled to incumber said property, for the benefit of their own creditors without notice of such parol agreement, to the extent of its full value and so deprive appellants of any equity in said property, is a matter which is not here in issue.

■■ Appellants insist that under the facts shown, the conveyance was executed as a part of a more comprehensive agreement, which the parties did not undertake to express in writing, and of which the deed was only a part; that they were therefore entitled to show the whole transaction; and that such facts taken as a whole remove this case from the well settled rule that a contractual consideration may not be varied by parol proof, citing particularly Street v. Robertson, 28 Tex. Civ. App. 222, 66 S. W. 1120 (writ ref.); 22 C. J. 1172, 1283, and cases there cited. Appellees insist that this exception is not applicable here because the terms of the deed were unambiguous and contractual in nature, and that this case comes clearly within the rule announced in Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805, and in Pridgen v. Furnish (Tex. Com. App.) 23 S.W.(2d) 307. However that may be, we think the evidence was clearly admissible and should have been considered by the trial court under the rule long since well settled in Texas that a trust may be ingrafted by parol upon a deed absolute on its face. Mead v. Randolph, 8 Tex. 191; Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536; Robinson v. Faville (Tex. Civ. App.) 213 S. W. 316, 319, writ ref. 111 Tex. 48, 227 S. W. 938. Appellants alleged that Mrs. Bona Wheeler held their interests in trust for a specific agreed purpose, and that such agreement had been breached. They admittedly had received no consideration for their interests, and it was clearly shown that the conveyance was primarily for the benefit of appellees. The trial court rendered judgment against the appellants therefore on erroneous grounds and without regard to the parol agreement in question.

Since, however, the issues of the value of the pecans, the value of improvements made by appellees, and whether or not one of the sisters, who had conveyed her interest to appellee Mrs. Bona Wheeler, still has any interest in the property, were not adjudicated by the trial court, the judgment of the trial court must be reversed and the cause remanded as a whole, and it is so ordered.

Reversed and remanded.