### WHEELER et al. v. HARALSON et al.
#### No. 2034—6779.

Commission of Appeals of Texas, Section A.
Jan. 6, 1937.

N. C. Walker, of San Saba, and Henry Taylor, of Temple, for plaintiffs in error.

H. E. Chesley, of Gatesville, F. P. Bowman, of Goldthwaite, and George W. Barcus, of Waco, for defendants in error.

GERMAN, Commissioner.

Defendants in error, J. C. Haralson and others, were plaintiffs in the trial court, and will be so designated here. Plaintiffs in error, Mrs. Bona Wheeler and husband, were defendants and will be designated as such here. Plaintiffs sued defendants to recover a four-fifths interest in certain lands in Mills county, Tex. Judgment of the district court was in favor of the defendants, but this judgment was reversed by the Court of Civil Appeals and the cause remanded. 70 S.W.(2d) 748.

We find it wholly unnecessary to set out an extended statement of the facts. Such statement is found in the opinion of the Court of Civil Appeals. Briefly, the pertinent facts are these: On September 27, 1927, the lands in question were encumbered by liens previously executed by D. I. Haralson. The plaintiffs claimed by inheritance through said D. I. Haralson and his wife, Sarah Haralson, both of whom were dead on the date mentioned. Some of the indebtedness for which a lien existed affected the interests which plaintiffs acquired through Mrs. Sarah Haralson, but most of said indebtedness affected only the interest acquired through D. I.

Haralson. On September 27, 1927, plaintiffs executed to Mrs. Wheeler a general warranty deed conveying all of their interests in the lands in question. The consideration for this deed was recited to be as follows: "In consideration of the said Mrs. Bona Wheeler assuming and agreeing to pay all the legal debts owing by the estate of D. I. Haralson and wife, Mrs. Sarah A. Haralson, deceased, secured by lien on the lands hereinafter described."

After the execution and delivery of this deed to Mrs. Wheeler, she, as administratrix of the estate of D. I. Haralson, sold the lands in question to San Saba National Bank in satisfaction of the indebtedness against said lands. The bank in turn reconveyed the lands to Mrs. Wheeler, reserving a vendor's lien. The amount for which this lien was retained was practically the same amount as the indebtedness which the bank previously held. While it appears that this method of handling the matter was probably adopted for the purpose of fixing a vendor's lien to secure the bank, yet the validity of the deeds mentioned is not attacked.

The basis of plaintiffs' suit is that plaintiffs conveyed their interests in these lands to Mrs. Wheeler to enable her to "refinance the ancestral indebtedness against the said lands, with the full and explicit understanding that when the same was done she was to reconvey to plaintiffs their respective interests in said lands," subject to said lien indebtedness. Plaintiffs claimed that because of the alleged agreement on the part of Mrs. Wheeler to reconvey to them their interests, after the indebtedness was refinanced and secured, created a trust, and by virtue of this trust they were entitled to recover their interests in the lands. In the brief filed in the Court of Civil Appeals plaintiffs say that they do not ask that they have title to said property clear of the indebtedness thereon secured by lien, but the only purpose of the litigation is to require Mrs. Wheeler to convey to them their undivided interests in said property encumbered with the liens which she has placed thereon. It is thus seen that plaintiffs have fully ratified the validity of the existing vendor's lien retained by the bank in conveyance to Mrs. Wheeler, and this necessarily constitutes a recognition that the deed of September 27, 1927, conveyed, as it purported to do, the complete legal and equitable title to their interests in the lands, subject to a parol agreement on the part of Mrs. Wheeler to reconvey.

Mr. Pomeroy, in his Equity Jurisprudence, points out with much clearness that fundamentally there can be no trust in real property without a separation of the legal title from the beneficial interest, or equitable title. This rule is stated in numerous cases cited in 65 Corpus Juris, p. 618, § 7, under note 97. In the case of McCamey v. Hollister Oil Co. (Tex.Civ.App.) 241 S.W. 689, affirmed in 115 Tex. 49, 274 S.W. 562, the same rule is announced. In the present case it conclusively appears that plaintiffs by their deed of September 27, 1927, parted with the legal and equitable title, and it is immaterial that there may have been a promise on the part of the grantee to reconvey. No trust was thereby created, and the parol promise to reconvey was within the statute of frauds. The case of Foster v. Ross, 33 Tex.Civ.App. 615, 77 S.W. 990, in which writ of error was refused, is in. principle in point. In that case there was an agreement by a vendor, who had reserved a lien in his deed to secure a part of the purchase price, to buy the land in at foreclosure sale in full satisfaction of his judgment, and to deed the land to the original purchaser upon payment of a stipulated amount. It was held that this did not create a trust, and that the oral promise to reconvey was within the statute of frauds. See, also, Dietrich v. Heintz, 44 Tex.Civ.App. 602, 99 S.W. 417 (writ refused); Robbins v. Winters (Tex.Civ. App.) 203 S.W. 149; Davis v. Holloway, 317 Mo. 246, 295 S.W. 105; Young v. Kansas City Life Insurance Company, 329 Mo. 130, 43 S.W.(2d) 1046.

We do not have here a case where property was conveyed without consideration to be held for a specified purpose, the equitable title remaining in the vendor, but do have an absolute conveyance, for a valuable consideration, with no reservation of the equitable title. If this were not true, the purpose to create a valid lien upon the entire estate, including the interests of plaintiffs, would have been defeated. It follows that no trust was created or resulted, and plaintiffs were left with only an oral promise to reconvey. This promise being within the statute of frauds could not be enforced.

For the reasons stated herein, the judgment of the trial court should be af-

firmed, even though that court in its judgment gave another reason for its action, and it becomes unnecessary to discuss other very interesting questions submitted in the application for writ of error.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court.