**Harlan V. KARNEI, Appellant,**

v.

**Lamar DAVIS, Jr., et al., Appellees.**

**No. 240.**

Court of Civil Appeals of Texas.

Corpus Christi.

·Nov. 30, 1966.

Paul D. Little, Corpus Christi, for appellant.

William E. Henderson, of Foreman, Dyess, Prewett, Henderson & Cantey, Houston, for appellees.

## OPINION

NYE, Justice.

This is a suit brought by the plaintiff Harlan V. Karnei to recover a ⅟₃₂ overriding royalty interest in a number of mineral leases owned by defendants. Plaintiff seeks to impose a constructive trust upon certain leases and to require the defendants to account for the production thereunder. The alleged agreement between the parties for the royalty interest, was ·oral. The defendants denied making any promise to assign the royalty interest, and specially plead the defense of statute of frauds. Thereafter defendants filed a motion for summary judgment relying on two points to wit: (1) that plaintiff is attempting to enforce an oral promise to convey an interest in land, and that such promise is void by virtue of the statute of frauds; and (2) that a constructive trust could not have arisen under the facts. The trial court granted the defendants' motion for summary judgment. Plaintiff has perfected his appeal to this court, alleging a single point of error: i. e., that the pleadings, affidavits and deposition of plaintiff raise a genuine issue of material fact that would entitle him to have such issue determined by a jury or other trier of the facts.

Plaintiff agrees that in the ordinary sense an oral promise to convey an interest in land is void by virtue of the statute of frauds. However, it is plaintiff's contention that he is not seeking to enforce an oral promise to convey an interest in land as such, he is seeking to establish a con-

structive trust, and the facts construed in the light of summary judgment law entitled him to a reversal and a remand.

■ In the leading case on Summary Judgments the Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952) said:

"The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' (citing cases)"

In determining such a motion, the appellate court accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.

Considering then for the purpose of this appeal, the facts contained in plaintiff's affidavit, deposition and pleadings as true, we look to these alleged facts which plaintiff contends establishes the trust. On or about January 29, 1963, the defendants had commenced a re-entry operation in search of oil and gas on an abandoned well designated the Borth No. 1. Such reworking operations resulted in the production of oil. During the time the well was being tested, and when it appeared that the well would be a commercial producer, the defendants called the plaintiff to one side and told him they were interested in securing other oil and gas leases in the area. They told him not to disclose this fact to one Edward R. Bennett, for whom plaintiff had originally secured the Borth lease and which was subsequently assigned to the defendants. The defendants told plaintiff that if he could point out to them (defendants) any lease or tract of land that had possibilities for oil and gas and upon which they could acquire an oil and gas lease, or that an assignment of an oil and gas lease could be made to them, they would assign to the plaintiff a 1/32 overriding royalty interest in any likely prospect lease he disclosed to them. Plaintiff, placing confidence and reliance in the promise made to him by the defendants, began a systematic review of the oil and gas leases and land located in the northern part of Goliad County, Texas. Plaintiff was a driller and was familiar with this area by virtue of working on drilling rigs for many years. He pointed out and discussed with the defendants several tracts of land and certain leases which he described as being excellent prospects for oil and gas, some of which were the leases described in his petition upon which there is production.

The defendants subsequently sent J. E. Freeman and A. G. Matlage to secure these certain leases. They contacted plaintiff and told him they were sent by the defendants. The plaintiff assisted them in securing the leases which are fully described in plaintiff's petition. Plaintiff believed that defendants would assign to him the overriding royalty interest as promised as they did nothing to indicate to him that they would repudiate their promise. However, in the latter part of April, 1964, the plaintiff requested that the defendants convey to him his said overriding royalty interest which was refused.

Plaintiff testified that he is a man with very modest education, but with a wealth of experience in the oil and gas industry; that he had excellent contacts with the landowners in and around the Weesatche (sic) area of north Goliad County, Texas, having lived in that area all his life. He makes no claim to training or experience in geology or petroleum engineering. However he contends that his experience in oil and gas, especially in this area, was a thing of value to the defendants for which they had engaged his services for many months prior to the filing of the suit. Plaintiff contends that he spent his time and effort, utilized his knowledge of the geographical area, and exploited his relationship with the landowners in that area, to gain for the defendants the valuable leases as set out

in plaintiff's petition. He states that he certainly did not perform these services for defendants gratuitously, but expected the defendants to keep their bargain of assigning to him the ⅟₃₂ overriding royalty interest in the leases he was able to help them acquire as promised. Plaintiff argues that these facts clearly establish a relationship of trust and confidence with the defendants, at least to the extent that such statements and testimony and allegations raise issues of fact that entitles him to have this case ultimately determined by a jury.

■ In the ordinary cases of fiduciary relationships involving trust and confidence, you look to those relationships of attorney and client, parent and child, partners, close family relationships, joint adventurers, and parties who have over a long period of time worked together for the joint acquisition and development of property previous to the particular agreement sought to be enforced. In order for a constructive trust to arise there must be a fiduciary relationship before, and apart from, the agreement made the basis of the suit. Thigpen v. Locke, 363 S.W.2d 247 (Tex.Sup.1962); Gaines v. Hamman, 163 Tex. 618, 358 S.W. 2d 557 (Tex.Sup.1962).

The plaintiff admits that he had no previous contract or relationship with the defendants prior to the making of this agreement at the time herein alleged. However, plaintiff contends that all such relationships must have a beginning as in this case where plaintiff and defendants created a relationship of trust and confidence between themselves on the morning of January 29, 1963. This contention is without merit.

■ Article 3995, Vernon's Ann.Tex. Civ.St., the Statute of Frauds, provides in part that no action shall be brought in any court upon a contract for the sale of real estate or the lease thereof for a term longer than one year unless the promise or agreement upon which such suit shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged. The overriding royalty sought here is such an interest in real estate as to make this statute applicable. It is also such an interest in real estate as to fall within the Texas Trust Act. Article 7425b-7. This act provides that "* * * a trust in relation to or consisting of real property shall be invalid, unless created, established, or declared: (1) By a written instrument subscribed by the trustor or by his agent thereunto duly authorized by writing; * * *." Even though this act states that it does not apply to a constructive trust, the facts of plaintiff's case taken as true, do not create one.

■ Plaintiff relies on the holdings of the case of Thompson v. Newman, 378 S.W.2d 879 (Tex.Civ.App. Waco, 1964) and of those which were announced in the retrial of the same case in Consolidated Gas & Equipment Co. of America v. Thompson, 397 S.W.2d 260 (Tex.Civ.App. Amarillo, 1965). We agree that the facts are very similar to the case at bar except in the Consolidated case the facts are even more stronger in favor of the persons attempting to enforce the constructive trust. This case has since been reversed and rendered by the Supreme Court. Justice Greenhill speaking for the entire Court said: "* * * the fact that one businessman trusts another, and relies upon his promise to carry out a contract, does not create a constructive trust. To hold otherwise would render the Statute of Frauds meaningless." We hold that the facts of the case at bar simply do not show a relationship between the parties that in law would impose a constructive trust. We believe that Consolidated Gas & Equipment Co. of America v. Thompson, 405 S.W.2d 333 (Tex.Sup.1966), is controlling.

The judgment of the trial court is affirmed.