**Bill WARD, Appellant,**

v.

**Marcus CROW and Wife, Betty Crow, Appellees.**

**No. 6196.**

Court of Civil Appeals of Texas, El Paso.

Jan. 12, 1972.

Cayton, Gresham & Fulbright, Karl Cayton, William E. Fulbright, Lamesa, for appellant.

Paul New, Denver City, for appellees.

## OPINION

WARD, Justice.

This suit was filed by Appellees, Marcus Crow and wife, Betty Crow, against the Appellant, Bill Ward, seeking judgment removing the Appellant's claim to one-half of the cash and promissory note given to the Appellees upon the sale of two farms. The Appellant answered and filed cross-action asserting that he was entitled to one-half of the proceeds arising from the sale. Motion for summary judgment was filed by the Appellees and granted by the trial Court. On this appeal, we are of the opinion that the case must be reversed and remanded for trial as we are not satisfied that it clearly appears that only a question of law has been presented.

The summary judgment proof consists of the depositions of the parties, an affidavit of the Appellant made in opposition to the motion and copies of the various deeds, notes and lien instruments pertaining to the sales of the two farms. Disregarding all conflicts in the evidence and accepting as true, all evidence and every reasonable inference arising therefrom which tends to support the position of the Appellant, as we must on this appeal, we find that Marcus Crow and Bill Ward are brothers-in-law, Marcus Crow having married the sister of Bill Ward in 1957. In 1964, Marcus Crow left the armed forces to return to Gaines County to enter a farming venture with his father-in-law, Mr. A. C. Ward. This relationship with the father-in-law continued until January of 1967, and involved different farms with Marcus Crow being employed as a farm laborer with a share of the profits, as a tenant, or as an equal partner. Bill Ward was also farming at the same time under similar arrangements with his father, A. C. Ward. The inference is that these parties were very close to each other as a family unit. In the early part of 1967, both A. C. Ward and Bill Ward became insolvent from which misfortune each was discharged by bankruptcy proceedings. In January of 1967, Marcus Crow purchased two sections of land known as the Fulkerson farm, taking the title in his own name and paying the down payment from funds which he had secured by his own financing. In April of 1967, Bill Ward went to work for Marcus Crow on the Fulkerson farm and other properties as a manager and farm laborer for the sum of $300.00 a month, fuel for his truck, and a Christmas bonus. In the early part of 1968, Marcus Crow purchased an additional two sections of land known as the Ancell farm, again taking

the title in his own name and paying the down payment from funds secured by additional financing. Prior to this purchase, Bill Ward had determined that he would not continue to work for wages the rest of his life and informed Marcus Crow that he was going to move from the area and would start life over again in some other locality. Upon hearing this, Marcus Crow offered a much more attractive proposition and as a result, the parties orally agreed that a venture would be undertaken whereby the Ancell farm would be purchased with the record title to be taken in the name of Marcus Crow; that both the Ancell and the Fulkerson farms would be held for resale and until a sale was made, the two farms would be operated by Bill Ward; that he would continue at the same salary but that half of the profits, if any, from the operation of the two farms would be split between the two partners and in the event of a sale of the two properties at a profit, the net profits would also be split. The Appellant's affidavit states that the agreement was in fact carried out and the Ancell property was purchased; that the Appellant, in reliance upon the agreement of the parties, moved upon the property and managed and operated the two farms and contributed his valuable services until the sale of both farms on December 31, 1969, when the two places were sold to John H. Schultz who assumed the outstanding indebtednesses on the two farms and in addition, paid Marcus Crow the sum of $30,000.00 in cash and executed to him, a third lien note in the principal sum of $178,290.00. This represents the gross profit arising out of the sale of the properties.

Both by their pleadings and their motion for the summary judgment, the Appellees rely on the Statute of Frauds, Art. 3995a, Vernon's Ann.Tex.Civ.St., now Section 26.-01 Tex.Bus. & Com.Code, and the Statute of Conveyances, Art. 1288, V.A.T.C.S., the parties also assuming that the Texas Trust Act, Art. 7425b–7 applies. It is the position of the Appellant as expressed by alternative pleadings that the oral agreements created a joint venture, partnership, or employer-employee relationship whereby the income from the operation of the farms would be equally divided and in the event of a sale, the Appellant would be entitled to one-half of the profits realized from the sale of the properties, the contractual relationship being unrelated to any interest in real estate. There are inconsistencies present from the position now taken by the Appellant in his affidavit and certain statements made in his deposition and in his pleadings themselves, but if conflicting inferences may be drawn from the depositions and from the affidavits of this same party, a fact issue is present. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962). The same can be said of conflicting statements within the pleadings themselves which are permissible under our liberal attitude toward alternative pleadings.

The Appellees now have the burden, by their motion for summary judgment, to establish as a matter of law, that there is no issue of fact as to one or more of the essential elements of each of the alternative positions taken by the Appellant. Gibbs, et al v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). This dispute involves the terms of an alleged contract, and the proof must foreclose the existence of other provisions of the agreement not before the Court. The Appellees are required to establish that every material part of their contract was before the Court in an undisputed form. Terrazas v. Sullivan, 470 S.W.2d 904 (Tex.Civ.App.1971, El Paso, no writ). We are not satisfied that this has been accomplished.

If the agreement in so far as it related to the previously purchased Fulkerson farm was one creating a joint venture, partnership or employer-employee relationship whereby the Appellant would own a one-half interest to the equitable title of that farm, then the agreement would be

unenforcible as an attempt to create a constructive trust on land already owned by the Appellees. The owner cannot make a binding parol contract to convey an interest in such land; Stovall v. Poole, 382 S. W.2d 783 (Tex.Civ.App. Waco, 1964, error ref., n.r.e.); nor thereby induce one to become an employee; Dietrich v. Heintz, 44 Tex.Civ.App. 602, 99 S.W. 417 (1907, error ref'd); nor thereby create a partnership asset. Pappas, et ux v. Gounaris, 158 Tex. 355, 311 S.W.2d 644 (1958). The necessary requirements of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, are absent. Thurmon v. Atlantic Refining Company, 336 S.W.2d 268 (Tex. Civ.App. Dallas 1960, ref. n.r.e.).

■■ If the agreement in so far as it related to the after acquired Ancell farm would be to the effect that the Appellant would own a one-half interest to the equitable title of that farm, then the parties are under the rule as set forth in Consolidated Gas & Equipment Co. v. Thompson, 405 S.W.2d 333 (Tex.1966). In effect, the Appellant would be attempting to impose a constructive trust on real estate and for that to arise, there must be a fiduciary relationship arising before, and apart from, the agreement made the basis of the suit. Under the record now before us, we do have the brother-in-law and brother and sister relationship. This together with the long associations of friendship and business relations is some evidence of the so-called fiduciary relationship, at least to the extent of precluding the granting of a summary judgment under the present record. These elements were not presented to the trial Court in Karnei v. Davis, 409 S.W.2d 439 (Tex.Civ.App. Corpus Christi, 1966, no writ history). The Appellees' contention that a constructive trust may never be imposed to prevent unjust enrichment by a fiduciary who has breached the express oral agreement to take title to an interest in land in his own name and hold for the joint venture is overruled. Omo-

hundro v. Matthews, 161 Tex. 367, 341 S. W.2d 401 (Tex.1960); 39 Tex.Law Review 701. A Court in such a situation is not enforcing the parol agreement, but is imposing a constructive trust arising out of a breach of the fiduciary relationship.

In passing upon imposition of a possible constructive trust as it relates to our interest in the title to the Ancell farm, we do not express any opinion as to whether or not the Appellant may be able to establish such a constructive trust upon a trial on the merits but merely hold that the Appellees have not discharged their burden on summary judgment of showing as a matter of law that there could not be any constructive trust imposed.

■ Of more importance, however, is the summary judgment proof that profits from the operations of the two farms and profits or proceeds from any possible sales of the properties would be divided. This attempted divorce from any interest in real estate could be a claim to an interest in personal property. Only after a full determination of the facts at a trial where the Appellant has the burden of proof in establishing the terms of the contract, would we attempt to rule on such a matter. Oral agreements to share profits arising from the purchase and sale of real estate can be construed to be binding and not as contracts for a transfer or assignment of interest in real estate. See the discussion in Berne v. Keith, 361 S.W.2d 592 (Tex.Civ. App. Houston, 1962, writ ref'd, n.r.e.); Ames v. Texas Gulf Industries, Inc., 411 S.W.2d 779 (Tex.Civ.App. Texarkana, 1967, no writ history); 49 Am.Jur. p. 547.

We therefore hold that Appellees have failed in discharging their burden of establishing as a matter of law, that they are not liable under all theories presented by the allegations of the Appellant's pleading. The judgment of the trial Court is reversed and the cause is remanded for trial.