ACCEPTED
13-15-00233-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/14/2015 2:08:40 PM
Dorian E. Ramirez
CLERK

## Cause No. 13-15-233-CV

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi, Texas

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

10/14/2015 2:08:40 PM

DORIAN E. RAMIREZ
Clerk

ROCASS L.L.C., D/B/A
ROCASS HOMES                                    APPELLANT


v.


NANCY ZAZUETA                                    APPELLEE

## BRIEF OF APPELLANT
## ROCASS L.L.C. D/B/A
## ROCASS HOMES


___/s/_*Thomas G. Rayfield*_____

**Thomas G. Rayfield**
State Bar No. 16615825
1300 North Tenth Street, Suite 300
McAllen, Texas 78501-4392
Telephone (956) 994-1155
Telecopier (956) 994-1148


## ORAL ARGUMENT WAIVED

i

# TABLE OF CONTENTS

CERTIFICATE OF PARTIES — iv

TABLE OF AUTHORITIES — v

WAIVER OF ORAL ARGUMENT — xiv

STATEMENT OF THE NATURE OF THE CASE — 2

ISSUES PRESENTED — 3

STATEMENT OF FACTS — 4

SUMMARY OF ARGUMENT — 10

ARGUMENT — 11

[A] Summary Judgments Generally Improper — 11

[B] Home Owner Failed to Present Competent Evidence — 15

    {1} SOME EXHIBITS WERE NOT SWORN — 15

    {2} HEARSAY CANNOT SUPPORT SUMMARY JUDGMENT — 16

    {3} NO COMPETENT EVIDENCE = NO SUMMARY JUDGMENT — 24

[C] Ignoring Defects, Home Owner Presented Insufficient Evidence — 24

    {1} NO EVIDENCE OF CONTRACT WITH HOME OWNER — 25

    {2} NO ENFORABLE CONTRACT WITH HOME OWNER'S ASSOCIATION — 26

    {3} INSUFFICIENT EVIDENCE OF DAMAGES PRESENTED — 30

[D] Builder Defeated Summary Judgment by Questioning Terms — 34

    {1} NON MOVANT DEFEATS MOTION BY CREATING A FACT ISSUE — 34

{2} FACT ISSUE CREATED BY DISPUTING CONTRACTUAL TERMS     37

[E] Recovery Under Texas Residential Liability Act     39

CONCLUSION AND PRAYER     40

CERTIFICATE OF COMPLIANCE     41

CERTIFICATE OF SERVICE     41

# CERTIFICATE OF PARTIES

Appellant does hereby certify that the following are the parties and their attorneys in this matter:

## APPELLANT

ROCASS L.L.C., D/B/A
ROCASS HOMES
1117 South Shary Road
Mission, Texas 78572

## APPELLANT'S COUNSEL

THOMAS G. RAYFIELD
1300 North Tenth Street, Suite 300
McAllen, Texas 78501-4392
Telephone (956) 994-1155
Telecopier (956) 994-1148

## APPELLEE

Nancy Zazueta
4217 Ben Hogan Ave.
McAllen Texas 78503

## APPELLEE'S COUNSEL

Armando M. Guerra & Associates PLLC
113 North 9th Avenue
Edinburg, Texas 78541
(956) 616-4641

# TABLE OF AUTHORITIES

C<small>ASES</small>

Aldridge v. De Los Santos, 878 S.W.2d 288, 297 (Tex. App.--Corpus
    Christi, 1994, writ dism'd w.o.j.)      22

Allied Marketing Group, Inc. v. Paramount Pictures Corp., 111 S.W.3d
    168, 172 (Tex. App.--Eastland 2003, pet. denied)      14

Amaya v. Potter, 94 S.W.3d 856, 861 (Tex. App.--Eastland 2002,
    pet. denied)      14

Amerada Hess Corp. v. Wood Group Production Technology, 30
    S.W.3d 5 (Tex. App.--Houston [14th Dist.] 2000, pet. denied)      32

Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991)      23

Arellano v. Americanos USA, LLC, 334 S.W.3d 326, 329 (Tex. App.--
    El Paso 2010, no pet)      14

Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818
    (Tex. 1997)      23

Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276,
    284 (Tex. 1998)      32

Autonation Direct.com, Inc. v. Thomas A. Moorehead, Inc., 278
    S.W.3d 470, 476 (Tex. App.--Houston [14th Dist.] 2009,
    no pet.)      13

Balawajder v. Texas Dept. of Criminal Justice Institutional Div., 217
    S.W.3d 20, 27 n. 6 (Tex. App.--Houston [1st Dist.] 2006, pet.
    denied)      34

Ballis v. Urban National Bank, 770 S.W.2d 590, 592 (Tex. App.--
    Houston [14th Dist.] 1989, no writ)      36

Barrera v. Sanchez, 679 S.W.2d 704, 705 (Tex. App.--San Antonio
    1984, no writ)      16

Bennack Flying Service, Inc. v. Balboa, 997 S.W.2d 748, 751 (Tex. App.--Corpus Christi 1999, writ dism'd w.o.j.)    12

Birdwell v. Long, 508 S.W.2d 466, 468 (Tex. Civ. App.--Amarillo 1974, no writ)    35

Board of Adjustment of City of San Antonio v. Leon, 621 S.W.2d 431, 434 (Tex. Civ. App.--San Antonio 1981, no writ)    15

Brazos River Conservations & Reclamation Dist. v. Harmon, 178 S.W.2d 281, 292 (Tex. Civ. App.—Eastland 1944, writ ref'd)    36

Cedyco Corp. v. Whitehead, 253 S.W.3d 877, 880 (Tex. App.--Beaumont 2008, pet. denied)    18

City of San Antonio ex rel. City Public Service Bd. v. Bastrop Cent. Appraisal Dist., 275 S.W.3d 919, 923 (Tex. App.--Austin 2009, pet. dism'd)    33

Cline v. Southwest Wheel & Mfg. Co., 390 S.W.2d 297, 299 (Tex. Civ. App.--Amarillo 1965, no writ)    18

Crawford v. Pullman, Inc., 630 S.W.2d 377, 379-80 (Tex. App.--Houston [14th Dist.] 1982, no writ)    25

Day Cruises Maritime, L.L.C v. Christus Spohn Health System, 267 S.W.3d 42, 57 (Tex. App.--Corpus Christi 2008, pet. denied)    30

Deverian v. Aviall of Texas, Inc., 1991 WL 218799 at 4 (Tex. App.--Dallas 1991, no writ)    37

Digby v. Texas Bank, 943 S.W.2d 914, 923 (Tex. App.--El Paso 1997, writ denied)    37

Dob's Tire and Auto Center v. Safeway Ins. Agency, 923 S.W.2d 715, 718 (Tex. App.--Houston [1st Dist.] 1996, writ dism'd w.o.j.)    11

Domingo v. Mitchell, 257 S.W.3d 34, 40 (Tex. App.--Amarillo 2008, pet. denied)    27

Doss v. Homecomings Fin. Network, Inc., 210 S.W.3d 706, 713 (Tex.

App.--Corpus Christi 2006, pet. denied)    27

Drew v. Lauder, 647 S.W.2d 749, 751 (Tex. App.--Corpus Christi 1983, writ ref'd n.r.e.)    35

Easley v. State, 986 S.W.2d 264, 269 (Tex. App.--San Antonio 1998, no p.d.r.)    17

E.B. Smith Co. v. United States Fidelity & Guar. Co., 850 S.W.2d 621, 624 (Tex. App.--Corpus Christi 1993, writ denied)    14

Eberstein v. Hunter, 260 S.W.3d 626, 630 (Tex. App.--Dallas 2008, no pet.)    23

Ellert v. Lutz, 930 S.W.2d 152, 155 (Tex. App.--Dallas 1996, no writ)    36

Empire Finance Service, Inc. v. Western Preferred Life Ins. Co., 461 S.W.2d 489, 490 (Tex. Civ. App.--Waco 1970, writ ref'd)    17

Farley v. Farley, 731 S.W.2d 733 (Tex. App.--Dallas 1987, no writ)    17

Farley v. Prudential Insurance Co., 480 S.W.2d 176, 178 (Tex. 1972)    12

Fibreboard Corp. v. Pool, 813 S.W.2d 658, 676 (Tex. App.--Texarkana 1991, writ denied), cert. denied, 508 U.S. 909, 113 S.Ct. 2339, 124 L.Ed.2d 250 (1993)    20

Fisher v. Yates, 953 S.W.2d 370, 380 (Tex. App.--Texarkana 1997), writ denied per curiam, 988 S.W.2d 730 (Tex. 1998)    35

Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562 63 (1962)    35

Gentry v. Squires Construction, Inc., 188 S.W.3d 396, 404 (Tex. App.--Dallas 2006 no pet.)    39

Gerland's Food Fair, Inc. v. Hare, 611 S.W.2d 113, 116 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.)    17

Gonzalez v. City of Mission, 620 S.W.2d 918, 922 (Tex. Civ. App.--Corpus Christi 1981, no writ)    30

Good v. Baker, 339 S.W.3d 260, 273 (Tex. App.--Texarkana 2011,
    pet. denied)     21

Great American Reserve Insurance Co. v. San Antonio Plumbing
    Supply Co., 391 S.W.2d 41, 47 (Tex. 1965)     12

Green v. Unauthorized Practice of Law Comm., 883 S.W.2d 293, 297
    (Tex. App.--Dallas 1994, no writ)     22

Greenville Ave. State Bank v. Lang, 421 S.W.2d 748, 751 (Tex. Civ.
    App.--Dallas 1967, no writ)     23

Guillen ex rel. Guillen v. Potomac Ins. Co. of Illinois, 203 Ill.2d
    141, 271 Ill.Dec. 350, 785 N.E.2d 1, 14 (2003)     31

Gulbekian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (1952)     11

Hall v. Harris County Water Control & Improvement Dist., 683
    S.W.2d 863 (Tex. App.--Houston [14th Dist.] 1984, no writ)     38

HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Board,
    235 S.W.3d 627, 658 (Tex. 2007)     34

Horn v. First Bank of Houston, 530 S.W.2d 864, 865 (Tex. Civ.
    App.--Houston [14th Dist.] 1975, no writ)     16

Houston Lighting & Power Co. v. Wheelabrator Coal Services
    Co., 788 S.W.2d 933, 935 (Tex. App.--Houston [14th Dist.]
    1990, no writ)     12

Howe v. Kroger Co., 598 S.W.2d 929, 931 (Tex. Civ. App.--Dallas
    1980, no writ)     22

In re 24R, Inc., 324 S.W.3d 564, 567 (Tex. 2010)     27

In Re Price's Estate, 375 S.W.2d 900, 904 (Tex. 1964)     40

In re SSP Partners, 241 S.W.3d 162, 170 (Tex. App.--Corpus Christi
    2007, pet. denied)     29

International Insurance Co. v. Herman G. West, Inc., 649 S.W.2d 824
    825 (Tex. App.--Fort Worth 1983, no writ)     11

Keaton v. R. Dakin & Co., 716 S.W.2d 726, 727 (Tex. App.--Corpus Christi 1986, no writ) ... 12

Kotzur v. Kelly, 791 S.W.2d 254, 256 (Tex. App.--Corpus Christi 1990, no writ) ... 15

Laidlaw Waste Systems, Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995) ... 18

Lee v. McCormick, 647 S.W.2d 735, 737 (Tex. App.--Beaumont 1983, no writ) ... 12

M.D. Anderson Hospital and Tumor Institute v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000) ... 25

Magnuson v. Mullen, 65 S.W.3d 815, 828 (Tex. App.--Fort Worth 2002, pet. denied) ... 18

Mandell v. Hamman Oil & Ref. Co., 822 S.W.2d 153, 161 (Tex. App.--Houston [1st Dist.] 1991, writ denied) ... 27

MCI Telecommications Corp. v. Tex. Util. Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999) ... 29

Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984) ... 22

Merit Drilling Co. v. Honish, 715 S.W.2d 87, 92 (Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.) ... 29

Miller v. State and County Mutual Fire Ins. Co., 988 S.W.2d 326, 330 (Tex. App.--Corpus Christi 1999, no writ) ... 13

Moeller v. Fort Worth Capital Corp., 610 S.W.2d 857, 860 (Tex. Civ. App.--Fort Worth 1982, writ ref'd n.r.e.) ... 13

Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984) ... 13

Moore v. Memorial Hermann Hospital System, Inc., 140 S.W.3d 870, 874 (Tex. App.--Houston [14th Dist.] 2004, no pet.) ... 20

Motel Enterprises, Inc. v. Nobani, 784 S.W.2d 545 (Tex. App.--Houston
        [1st Dist.] 1990, no writ)                                    37

Munoz v. Gulf Oil Co., 693 S.W.2d 372, 374 (Tex. 1984)              24

Nationwide Property and Cas. Ins. Co. v. McFarland, 887 S.W.2d
        487, 490 (Tex. App.--Dallas 1994, writ denied)               11

Neimes v. Ta, 985 S.W.2d 132, 137 (Tex. App.--San Antonio 1998,
        writ dism'd by agr.)                                         18

Newberry v. Tarvin, 594 S.W.2d 204, 206 (Tex. Civ. App.--Corpus
        Christi 1980, no writ)                                       11

Ortega v. City Nat. Bank, 97 S.W.3d 765, 772 (Tex. App.--Corpus
        Christi 2003, no pet.)                                       30

Ortiz v. State, 999 S.W.2d 600, 607 (Tex. App.--Houston [14th Dist.]
        1999, no p.d.r.)                                            19

Parfait v. Jahncke Service, Inc., 484 F.2d 296, 301 (5th Cir. 1973)  31

Pennington v. Brock, 841 S.W.2d 127, 132 (Tex. App.--Houston [14th
        Dist.] 1992, no writ)                                       21

Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963)                   33

Pjetrovic v. Home Depot, 411 S.W.3d 639, 647 (Tex. App.--Texarkana
        2013, no pet.)                                              19

Portnow v. Berg, 593 S.W.2d 843, 845 (Tex. Civ. App.--  Houston [1st
        Dist.] 1980, no writ)                                       35

Powell v. Vavro, McDonald, and Associates, L.L.C., 136 S.W.3d
        762, 765 (Tex. App.--Dallas 2004, no pet.)                  17

Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998)             13

Red Henry Painting Co. v. Bank of North Texas, 521 S.W.2d 339, 343
        (Tex. Civ. App.--Corpus Christi 1975, no writ)              18

Riddle v. Unifund CCR Partners, 298 S.W.3d 780, 783 (Tex. App.--El Paso 2009, no pet.)     21

Roberts v. Geo Source Drilling Services, Inc., 757 S.W.2d 48, 51 (Tex. App.--Houston [1st Dist.] 1988, no writ)     36

Schwartz v. State, 120 Tex.Cr.R. 252, 46 S.W.2d 985, 987 (1931)     17

Shamrock Foods Co. v. Munn & Assocs., Ltd., 392 S.W.3d 839, 846 (Tex. App.--Texarkana 2013, no pet.)     18

Sorrells v. Giberson, 780 S.W.2d 936, 937-38 (Tex. App.--Austin 1989, writ denied)     25

Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 214 (Tex. 2002)     12

State v. $11,014.00, 820 S.W.2d 783, 785 (Tex. 1991)     36

State Farm Fire & Casualty Co. v. Gandy, 925 S.W.2d 696 (Tex. 1996)     31

Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 2002)     29

Stockton v. Offenbach, 336 S.W.3d 610, 618 (Tex. 2011)     33

Tawes v. Barnes, 340 S.W.3d 419, 424 (2011)     29

Tesoro Petroleum Corp. v. Coastal Refining & Marketing, Inc., 754 S.W.2d 764, 767 (Tex. App.--Houston [1st Dist.] 1988, no writ)     36

Texas Commerce Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.--Corpus Christi 2000, pet. denied)     13

Texas International Airlines v. Wits Air Freight, 608 S.W.2d 828, 830 (Tex. Civ. App.--Dallas 1980, no writ)     25

Texas Emp. Ins. Ass'n v. Collins, 321 S.W.2d 119, 122 (Tex. Civ. App.--El Paso 1959, writ ref'd n.r.e.)     17

Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W.

1101, 1104 (1923)     28

Totman v. Control Data Corp., 707 S.W.2d 739, 742-43 (Tex. App.--Fort Worth 1986, no writ)     14

Treadway v. Holder, 309 S.W.3d 780, 785 (Tex. App.--Austin 2010, pet. denied)     34

Triton Commercial Properties, Ltd. v. Norwest Bank Texas, N.A., 1 S.W.3d 814, 817 (Tex. App.--Corpus Christi 1999, no writ)     12

Tucker v. Atlantic Richfield Co., 787 S.W.2d 555, 557 (Tex. App.--Corpus Christi 1990, no writ)     15

United Parcel Service v. Helen of Troy Corp., 536 S.W.2d 415, 417 (Tex. Civ. App.--El Paso 1976, no writ)     37

Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19, 20 (Tex. 1963)     35

Walton v. City of Midland, 24 S.W.3d 853, 855 (Tex. App.--El Paso 2000, no pet.)     14

Ward v. Crow, 476 S.W.2d 77 (Tex. Civ. App.--El Paso 1972, no writ)     37

Watson v. Citimortgage, Inc., 814 F.Supp.2d 726, 732 (E.D. Tex. 2011)     27

Wood v. Self, 362 S.W.2d 188 (Tex. Civ. App.--Dallas 1962, no writ)     18

Wright v. Lewis, 777 S.W.2d 520, 524 (Tex. App.--Corpus Christi 1989, writ denied)     19

Youngstown Sheet and Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962)     17

STATUTES AND RULES

Tex. Prop. Code §27.004(g)     33

Tex. Prop. Code §27.005                                                    39

Tex. R. Evid. 803                                                          19


OTHER AUTHORITIES

Jackson, *Unlicensed to Drill: Proposed Renovations to the
    Texas Residential Construction Commission Act*, 36 ST. MARY'S
    L.J. 753, 754 (2005)                                                   39

McKenzie, PRIVATOPIA: HOMEOWNER ASSOCIATIONS AND THE RISE
    OF RESIDENTIAL PRIVATE GOVERNMENT (1996)                               28

1 WILLISTON ON CONTRACTS §7:14 (4th ed. 2014)                              27

# WAIVER OF ORAL ARGUMENT

Certain required items do not assist in the resolution of an appeal. The most obvious is table of authorities; hours and hours are wasted on alphabetizing cases needlessly (especially when it is doubtful whether most of the cases are actually read). Another matter which does not assist in the resolution of an appeal is oral argument. While attorneys love to talk (and hear the sound of their own voice), their hot air does not assist in writing opinions, especially after several months have passed. Accordingly, Appellant waives oral argument.

## Cause No. 13-15-233-CV

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi, Texas

ROCASS L.L.C., D/B/A
ROCASS HOMES                                                    APPELLANT

v.

NANCY ZAZUETA                                                    APPELLEE

# BRIEF OF APPELLANT
# ROCASS L.L.C. D/B/A
# ROCASS HOMES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ROCASS L.L.C.** d/b/a **ROCASS HOMES**, **Appellant** in the above styled and numbered cause, and files this its **BRIEF OF APPELLANT**, demonstrating that the trial court erred in granting summary judgment, because the summary judgment movant failed to present sufficient competent evidence to establish her claims as a matter of law, and because genuine factual disputes exist, i.e., what were the terms of the alleged contract in question, and whether the setoff for this property belongs on the east side or on the west side.

1

# STATEMENT OF THE NATURE OF THE CASE

This case involves a property setoff; the home owner thought the set off belonged on the west side, while the architect, the builder and the City of McAllen all thought the setoff belonged on the east side. To maintain her space, the home owner entered into a settlement with her adjoining neighbor, paying him $18,000 for a three and a half foot setoff. She then sought to recoup this amount of this settlement from her builder, along with attorney's fees in roughly the same amount. Despite the clear factual dispute as to the proper location of the applicable setoff, the home owner filed a motion for summary judgment, supported by incompetent evidence; most of it was inadmissible hearsay, and indeed, the home owner failed to prove the existence of any contractual provision, requiring the setoff. Naturally, in response, the builder objected. It also presented its own competent evidence, clearly demonstrating that the required set off was on the east side, and the Home Owner's Association approved plans with a zero setoff on the west side. Despite the lack of competent evidence to support the motion, and the disputed nature of the competent evidence properly before it, the trial court, County Court at Law No. 7, Sergio Valdez presiding, inexplicably granted the summary judgment. This appeal naturally followed.

# ISSUES PRESENTED

Did the trial court err in granting summary judgment?

Must a traditional summary judgment be supported by competent evidence?

Do documents constitute hearsay?

Do pleadings constitute hearsay?

Are a movant's pleadings competent summary judgment evidence?

Does certification by a court clerk render the document not hearsay?

Must business records satisfy all elements of predicate before they are admissible?

If the business records affidavit fails to include evidence that records were collected in the regular course of business, do the attached documents remain hearsay?

Can a movant obtain a summary judgment premised on a conclusory affidavit claiming building plans complied with subdivision plans?

Can a movant obtain a summary judgment on conclusory attorney's fees from his attorney?

In order to obtain summary judgment for breach of contract, must the plaintiff present a full and complete copy of the contact?

In order to obtain summary judgment, must the breach of contract

plaintiff prove the existence of the disputed term?

Must a contract possess mutuality of obligation to be enforceable?

Is a third party beneficiary contract created by acknowledgement of reading terms?

In order to recoup monies paid in a settlement, must the seeking party prove the settlement was reasonable and made in good faith?

Is summary judgment proper when the parties dispute the terms of their agreement?

Does the Texas Residential Construction Act create a cause of action?

If a party cannot recover on his underlying cause of action, can he recover under the Texas Residential Construction Act?

## STATEMENT OF FACTS

As the poet Robert Frost has noted, good fences make good neighbors. Frost, *Mending Wall.* But to erect a fence, room must exist between the property's boundary line and the house neighboring house. The case at bar involves the lack of such distance, and whose fault was it.

Nancy Zazueta, Appellee herein, purchased Lot 35 in the Falling Water at Bentsen Lake Subdivision in McAllen, to build a home. Cl.R. 993-95. Appellee (hereinafter referred to as "Home Owner") retained Grupo Calqueza, an architectural firm in Reynosa, Mexico to design her house.

4

These plans contained a six foot setback on the west side, i.e. six feet lay between her property line and outside wall of the house. Cl.R. 1058-76.

Because they were premised on an incorrect lot size, the house plans prepared by Grupo Calqueza were rejected. Cl.R. 1208, 1211. Accordingly, Home Owner retained De La Vega Plan Design, a local architectural firm, to redraft her house plans. As Home Owner herself admitted, Cl.R. 979, the De La Vega's plans did not contain a six foot set off on the west side[1]; instead, the plans envisioned Home Owner's house being built abutting the property line. Cl.R. 1084-1106.

The De La Vega plans (with their zero setoff) were submitted to the Home Owner's Association at Falling Water Subdivision, where Home Owner's lot is located. Cl.R. 1209. After reviewing these plans, the Home Owner's Association (hereinafter referred to as "HOA") approved them. Cl.R. 1210. Thus, the HOA implicitly approved the zero setback on the west side of Home Owner's property.

Subsequently, the De La Vega plans were submitted to the City of McAllen for its approval. These plans were likewise approved. Cl.R. 1118-28, 1132-36. In the course of such approval, the City of McAllen expressly noted the lack of a setoff on the west side of Home Owner's lot. Cl.R. 1115.

After receiving approval from the HOA and the City of McAllen,

---

[1]Instead, such plans called for the set off on the east side.

Home Owner submitted the De La Vega plans to Rocass Homes, Appellant herein, for construction of the house. Cl.R. 1209. Home Owner and Rocass Homes (hereinafter referred to as "Builder") entered into a contract for the construction of the house, following the De La Vega plans.

Builder is not an architect; rather, Builder builds what the architect designs. Builder constructed Home Owner's house according to the De La Vega plans. And since the De La Vega plans call for a zero setback, the wall of Home Owner's house abutted her property line along with west side. Cl.R. 1209. Subsequently, the City of McAllen approved the house for occupancy. Cl.R. 1137. Indeed, from all external appearances, Home Owner should be proud of her new home. Cl.R. 1066-68.

After Builder constructed had constructed the home, Home Owner's neighbor commenced constructing his home. At some point in time, Home Owner realized that her neighbor was building too close for comfort, Cl.R. 1152-55; accordingly, she sought a temporary injunction against him. Cl.R. 5-13.

Home Owner eventually settled with her neighbor. The settlement provided that in exchange for $18,000, her neighbor would provide a 3.5 foot set off. Cl.R. 1158-61. In compliance with her agreement, Home Owner non suited her claims against him with prejudice. Cl.R. 14. But she

then sought recoupment of this amount, along with attorney's fees, from Builder. Cl.R. 19-27.

Ignoring the disputed nature of the evidence, Home Owner filed a motion for summary judgment, seeking recoupment of the settlement amounts, costs to fix the alleged defects in the home, and attorney's fees. Cl.R. 28-493. To correct defects in her summary judgment evidence and to limit the defects complained of, Home Owner filed a first amended motion for summary judgment. Cl.R. 510-977. She subsequently filed her second amended motion for summary judgment, focusing solely on recoupment of the settlement funds and attorney's fees. Cl.R. 978-1194. Her theory was twofold: 1) the construction contract between Builder and herself required a west setoff; and 2) the "contract" between Builder and the HOA required a west setoff, which she was entitled to enforce as a third party beneficiary.[2] She further sought recovery under Texas' Residential Construction Liability Act (commonly referred to as "RCLA").[3] Cl.R. 982-87.

To support her three motions, Home Owner killed a mountain of trees. But some omissions are immediately noticeable: she never attached a copy of the construction contract between herself and Builder. Cl.R. 28-493, 510-977, 978-1194. Likewise, she never attached a copy of any

---

[2]This third party beneficiary theory was never asserted in her pleadings. Cl.R. 21-22.
[3]Tex. Prop. Code §27.001, et seq.

contract between HOA and Builder; instead, she merely claimed that Builder's acknowledgment that it would comply with HOA's regulations, Cl.R. 1080, created her contract. Cl.R. 982-83. And unfortunately for Builder and the trees themselves, the evidence Home Owner presented was overwhelmingly incompetent. For example, Home Owner attached her pleadings as evidence, Cl.R. 1193-51, 1162-70, even though a movant's pleadings has constituted incompetent summary judgment evidence almost since the inception of Tex. R. Civ. P. 166a. She presented five business record affidavits, *all* of which failed to establish the necessary business record predicate. Cl.R. 1077-83, 1107-37, 1171-74, 1186-88, 1189-91. The three substantive affidavits presented were completely conclusory, and failed to establish both the alleged contractual terms, and the actual elements necessary for the recoupment of a settlement from a defendant. Cl.R. 1138, 1156-57, 1175-76.

Given Home Owner's repeated mountains of incompetent evidence, Builder repeatedly objected. Cl.R. 494-97, 1195-99. But Builder did not solely rest its summary judgment response on the incompetency of Home Owner's evidence; instead, it presented its own competent summary judgment evidence, disputing Home Owner's version of events. Builder swore that the HOA approved the De La Vega plans, which Home Owner

admits did not contain the setoff. Builder also disputed Home Owner's claim that the formational documents of the subdivision required the setoff to be on the west side. The subdivision's plat did not contain such a set off. A survey of the property did not contain the set off. And the HOA's guidelines did not require a set off. Cl.R. 1195-1215. Thus, the "contract" between HOA and Builder did not require a set off.

When a summary judgment movant fails to establish his burden, the trial court must deny the motion. Likewise, when the competent summary judgment evidence is conflicting, the trial court must deny the motion. But the trial court herein clearly jettisoned such legal dictates into the trash can. Instead, it rendered summary judgment. And to add insult to injury, the trial court refused to rule on Builder's numerous evidentiary objections. Cl.R. 1231-32.

In response, Builder filed a motion for new trial. Cl.R. 1233-58. Such motion for new trial expressly complained of the trial court's failure to rule on Builder's evidentiary objections. Cl.R. 1233. Likewise, it reiterated Home Owner's failure to establish her summary judgment burden, and the completely disputed nature of the summary judgment evidence. Cl.R. 1236-45. However, the trial court refused to Builder's motion for a hearing, and thus the motion for new trial was overruled by operation of law. This

appeal timely followed. Cl.R. 1259-67.

# SUMMARY OF ARGUMENT

The first issue in determining any traditional motion for summary judgment is whether the movant has satisfied his initial burden, by presenting sufficient and competent evidence. In the case at bar, Home Owner clearly failed to satisfy its summary judgment burden, because her evidence was not sworn for purposes of Tex. R. Civ. P. 166a, was hearsay, failed to established the undisputed terms of the contract, and failed to establish third party beneficiary status. As a result, the trial court clearly erred in failing to summarily deny Home Owner's motion for summary judgment.

In order to obtain summary judgment for breach of contract, the movant must establish an enforceable contract, along with its actual terms. Conversely, if the non movant proves a dispute in the contract's terms, summary judgment is improper. In the case at bar, Home Owner failed to establish a contract with any set off requirement, and failed to establish an enforceable contract (and third party beneficiary status) between her HOA and Builder. Furthermore, Builder created a fact issue by disputing the terms of the agreement. As a result, summary judgment was improper.

The Texas Residential Construction Liability Act does not create a

10

cause of action; instead, it merely created a procedural and substantive overlay over construction claims, and limits the damages recoverable by a homeowner. As a result, because Home Owner cannot recover on her breach of contract claim, she cannot recover under her RCLA claim.

## ARGUMENT

[A] Summary Judgments Generally Improper

Motions for summary judgment are strictly construed, both with regard to procedural and substantive law. International Insurance Co. v. Herman G. West, Inc., 649 S.W.2d 824, 825 (Tex. App.--Fort Worth 1983, no writ). The purpose of a summary judgment is not to deprive a litigant of his right to a trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. Gulbekian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); Newberry v. Tarvin, 594 S.W.2d 204, 206 (Tex. Civ. App.--Corpus Christi 1980, no writ).

"To obtain a summary judgment, a plaintiff-movant must (1) prevail on each element of the cause of action, and (2) produce evidence that would be sufficient to support an instructed verdict at trial." Dob's Tire and Auto Center v. Safeway Ins. Agency, 923 S.W.2d 715, 718 (Tex. App.--Houston [1st Dist.] 1996, writ dism'd w.o.j.). A matter supports an instructed verdict only if ordinary minds could not differ as to the conclusion to be drawn

11

from the evidence.  Nationwide Property and Cas. Ins. Co. v. McFarland, 887 S.W.2d 487, 490 (Tex. App.--Dallas 1994, writ denied).  This burden has been characterized as "heavy" and "horrendous".  Lee v. McCormick, 647 S.W.2d 735, 737 (Tex. App.--Beaumont 1983, no writ).  If this burden is not satisfied, then the case must be set for trial on the merits.  Houston Lighting & Power Co. v. Wheelabrator Coal Services Co., 788 S.W.2d 933, 935 (Tex. App.--Houston [14th Dist.] 1990, no writ).

In determining whether this burden has been satisfied, the non movant is entitled to some of the strongest presumptions known in Texas jurisprudence.  All doubts as to the existence of a genuine issue of a material fact are resolved in favor of the non movant.  Keaton v. R. Dakin & Co., 716 S.W.2d 726, 727 (Tex. App.--Corpus Christi 1986, no writ). Accordingly, the evidence will be viewed in the light most favorable to the non movant, Bennack Flying Service, Inc. v. Balboa, 997 S.W.2d 748, 751 (Tex. App.--Corpus Christi 1999, writ dism'd w.o.j.), and evidence favoring the movant's position will be ignored (unless uncontroverted).  Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  All evidence favorable to the non movant must be accepted as true, and any conflicts in the evidence will be disregarded. Farley v. Prudential Insurance Co., 480 S.W.2d 176, 178 (Tex. 1972); Triton

Commercial Properties, Ltd. v. Norwest Bank Texas, N.A., 1 S.W.3d 814, 817 (Tex. App.--Corpus Christi 1999, no writ).  Every reasonable inference from the evidence must be indulged in favor of the non movant, and all doubts resolved in his favor.  Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984); Miller v. State and County Mutual Fire Ins. Co., 988 S.W.2d 326, 330 (Tex. App.--Corpus Christi 1999, no writ).  If any issue of material facts exists, summary judgment is inappropriate.  Moeller v. Fort Worth Capital Corp., 610 S.W.2d 857, 860 (Tex. Civ. App.--Fort Worth 1982, writ ref'd n.r.e.).

The applicable presumptions does not improve for the summary judgment movant as his case traverses to the appellate court.  On appeal, the trial court's summary judgment is reviewed *de novo*.  Texas Commerce Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.--Corpus Christi 2000, pet. denied).  As the Texas Supreme Court has explained, "When conducting a *de novo* review, the reviewing tribunal exercises its own judgment and redetermines each issue of fact and law.  In such a review, the reviewing tribunal accords the original tribunal's decision *absolutely no deference.*"  Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998)(emphasis added).  Consequently, "Under Texas summary judgment procedure, the trial court's ruling is entitled to no deference."

13

Autonation Direct.com, Inc. v. Thomas A. Moorehead, Inc., 278 S.W.3d 470, 476 (Tex. App.--Houston [14th Dist.] 2009, no pet.)(Frost, J., con.).

The question presented before the appellate court is not whether the summary judgment proof presents material fact issues, but whether the evidence presented to the trial court establishes, as a matter of law, all elements of plaintiff's cause of action. Totman v. Control Data Corp., 707 S.W.2d 739, 742-43 (Tex. App.--Fort Worth 1986, no writ). In making this determination, this Court only considers the evidence before the trial court at the time of the hearing. E.B. Smith Co. v. United States Fidelity & Guar. Co., 850 S.W.2d 621, 624 (Tex. App.--Corpus Christi 1993, writ denied). Unlike other final judgments reviewed on appeal, appellate courts do not review the summary judgment evidence in the light most favorable to the judgment of the trial court. Walton v. City of Midland, 24 S.W.3d 853, 855 (Tex. App.--El Paso 2000, no pet.). Instead, the evidence must be viewed in the light most favorable to the non-movant. Allied Marketing Group, Inc. v. Paramount Pictures Corp., 111 S.W.3d 168, 172 (Tex. App.--Eastland 2003, pet. denied). Every reasonable inference in favor of the non-movant must be indulged in, Amaya v. Potter, 94 S.W.3d 856, 861 (Tex. App.--Eastland 2002, pet. denied), with all doubts resolved in his favor. Arellano v. Americanos USA, LLC, 334 S.W.3d 326, 329 (Tex. App.--El Paso 2010,

14

no pet).  The appellate court will accept all evidence supporting non movant as true, and will ignore all contradictory evidence.  <u>Southwestern Elec. Power Co. v. Grant</u>, 73 S.W.3d 211, 214 (Tex. 2002).

<u>[B] Home Owner Failed to Present Competent Evidence</u>

In order to prevail on a traditional motion for summary judgment, the threshold burden is to present competent summary judgment evidence.  Generally, such burden is established by presenting affidavits, accompanied by any relevant documentation.  In this case, Home Owner failed to present any lengthy affidavit, explaining the underlying facts.  Instead, Home Owner, in essence, only presented documentary evidence (and killed a number of trees in the process).  Cl.R. 28-493, 510-977, 978-1194.  But documentary evidence is not as readily admissible as affidavits are.  And while Home Owner did attempt to render such evidence admissible, such efforts were largely failed.

{1} SOME EXHIBITS WERE NOT SWORN

Documents which are unsworn cannot be considered as summary judgment evidence.  <u>Tucker v. Atlantic Richfield Co.</u>, 787 S.W.2d 555, 557 (Tex. App.--Corpus Christi 1990, no writ); <u>Board of Adjustment of City of San Antonio v. Leon</u>, 621 S.W.2d 431, 434 (Tex. Civ. App.--San Antonio 1981, no writ); <u>Sturm Jewelry, Inc. v. First Nat. Bank, Franklin</u>, 593 S.W.2d

15

813, 814 (Tex. Civ. App.--Waco 1980, no writ).  *Indeed, so fundamental is this prohibition is that it can be raised for the first time on appeal.*  Kotzur v. Kelly, 791 S.W.2d 254, 256 (Tex. App.--Corpus Christi 1990, no writ).

In the case at bar, Home Owner presented the following documents as summary judgment evidence:

- Home Owner's warranty deed (Cl.R. 993-95)

- Subdivision Restrictions (Cl.R. 997-1057)

- Grupo Calqueza Plans (Cl.R. 1058-76)

- De La Vega Building Plans (Cl.R. 1084-1106)

- Survey of Property (Cl.R. 1139)

- Docket Sheet (Cl.R. 1179-85)

- Demand Letter (Cl.R. 1192-93)

However, such exhibits were not "sworn to" as required by Tex. R. Civ. P. 166a.  Thus, such exhibits were not competent summary judgment evidence, and thus cannot support the trial court's judgment.  Tucker v. Atlantic Richfield Co., supra; Kotzur v. Kelly, supra.

{2} HEARSAY CANNOT SUPPORT SUMMARY JUDGMENT

In order to support a motion for summary judgment, evidence must be admissible at a trial on the merits.  Barrera v. Sanchez, 679 S.W.2d 704, 705 (Tex. App.--San Antonio 1984, no writ).  Consequently, hearsay cannot

form the basis of a summary judgment.  Horn v. First Bank of Houston, 530 S.W.2d 864, 865 (Tex. Civ. App.--Houston [14th Dist.] 1975, no writ); Empire Finance Service, Inc. v. Western Preferred Life Ins. Co., 461 S.W.2d 489, 490 (Tex. Civ. App.--Waco 1970, writ ref'd).  As the Texas Supreme Court has remarked, "Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand."  Youngstown Sheet and Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962).

In this regard, documents are considered hearsay.  See, e.g., Powell v. Vavro, McDonald, and Associates, L.L.C., 136 S.W.3d 762, 765 (Tex. App.--Dallas 2004, no pet.); Farley v. Farley, 731 S.W.2d 733, 736 (Tex. App.--Dallas 1987, no writ); Gerland's Food Fair, Inc. v. Hare, 611 S.W.2d 113, 116 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.).  Likewise, all statements contained in documents are considered hearsay.  Schwartz v. State, 120 Tex.Cr.R. 252, 46 S.W.2d 985, 987 (1931); Texas Emp. Ins. Ass'n v. Collins, 321 S.W.2d 119, 122 (Tex. Civ. App.--El Paso 1959, writ ref'd n.r.e.).[4]  As a result, Home Owner's warranty deed, Cl.R. 993-95, 1140-42, the purported subdivision restrictions, Cl.R. 997-1057, Grupo Calqueza

---

[4]Likewise, hearsay within hearsay can be considered only if each portion is independently admissible.  Easley v. State, 986 S.W.2d 264, 269 (Tex. App.--San Antonio 1998, no p.d.r.).

building plans, Cl.R. 1058-76, De La Vega building plans, Cl.R. 1084-1106, survey of Home Owner's property, Cl.R. 1139, mediation agreement, Cl.R. 1158-61, her demand letter, Cl.R. 1192-93, along with the documents attached to the business records affidavits, Cl.R. 1077-83, 1107-37, 1171-74, 1186-88, 1189-91[5] are hearsay, and therefore cannot support the summary judgment.[6] Shamrock Foods Co. v. Munn & Assocs., Ltd., 392 S.W.3d 839, 846 (Tex. App.--Texarkana 2013, no pet.).

Additionally, and in complete disregard of the prohibition of using pleadings as summary judgment evidence,[7] Home Owner relied upon her original petition, Cl.R. 1193-51, and her second amended petition, Cl. 1162-70, to demonstrate her entitlement to relief. Just like other documents, pleadings constitute hearsay. Red Henry Painting Co. v. Bank of North Texas, 521 S.W.2d 339, 343 (Tex. Civ. App.--Corpus Christi 1975, no writ); Cline v. Southwest Wheel & Mfg. Co., 390 S.W.2d 297, 299 (Tex. Civ. App.--

[5]Why these documents fail to satisfy the business record exception will be explained, *infra*.

[6]Admittedly, the trial court's judgment does not contain an express ruling on the objections. However, Builder in its motion for new trial excepted to the trial court's failure to rule. Cl.R. 1233. Such exception is sufficient to preserve error, Magnuson v. Mullen, 65 S.W.3d 815, 828 (Tex. App.--Fort Worth 2002, pet. denied); Builder could not do anything more.

[7]It is well settled that pleadings do not constitute summary judgment evidence. Laidlaw Waste Systems, Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995). "[T]he factual allegations in pleadings are not summary judgment evidence, regardless of their level of detail, even if they are verified." Neimes v. Ta, 985 S.W.2d 132, 137 (Tex. App.--San Antonio 1998, writ dism'd by agr.). Accordingly, such pleadings will not support a summary judgment. Cedyco Corp. v. Whitehead, 253 S.W.3d 877, 880 (Tex. App.--Beaumont 2008, pet. denied).

18

Amarillo 1965, no writ); <u>Wood v. Self</u>, 362 S.W.2d 188, 190 (Tex. Civ. App.--Dallas 1962, no writ).  Thus, such documents do not support the motion for summary judgment.

Admittedly, the hearsay rule possesses numerous exceptions.  Tex. R. Evid. 803.  Nevertheless, the party seeking to admit the hearsay must establish the exception.  <u>Pjetrovic v. Home Depot</u>, 411 S.W.3d 639, 647 (Tex. App.--Texarkana 2013, no pet.).  For example, Home Owner may understandably argue that her second amended petition, Cl. 1162-70, mediation agreement, Cl.R. 1158-61, and bond check, Cl.R. 1185, were filed with the county clerk's office, were certified true and correct, and thus, cannot constitute hearsay.  However, certification by a clerk does not absolve a document from hearsay objections.  <u>Ortiz v. State</u>, 999 S.W.2d 600, 607 (Tex. App.--Houston [14th Dist.] 1999, no p.d.r.).

Admittedly, Tex. R. Evid. 803 does provide a hearsay exception for governmental documents.  However, the documents encompassed by this exception are documents generated by the government, *not documents filed with the government.*  <u>Wright v. Lewis</u>, 777 S.W.2d 520, 524 (Tex. App.--Corpus Christi 1989, writ denied).  "Rule 803(8), however, is applicable only when the exhibit is prepared by public officials or employees under their supervision in the performance of their official duties.

Documents prepared by private individuals and filed with a governmental agency are not official documents as contemplated by Rule 803(8)." Fibreboard Corp. v. Pool, 813 S.W.2d 658, 676 (Tex. App.--Texarkana 1991, writ denied), cert. denied, 508 U.S. 909, 113 S.Ct. 2339, 124 L.Ed.2d 250 (1993). Accordingly, Home Owner's pleadings, the bond check, and the mediation agreement fall outside this exception; none of these documents were prepared by the county clerk. Thus, the clerk's authentication does not render these documents competent summary judgment evidence. Moore v. Memorial Hermann Hospital System, Inc., 140 S.W.3d 870, 874 (Tex. App.--Houston [14th Dist.] 2004, no pet.).[8]

As summary judgment evidence, Home Owner submitted numerous documents, attached to business records affidavits from the Falling Waters' Home Owner's Association, Cl.R. 1077-83, the City of McAllen, Cl.R. 1107-37, Armando M. Guerra & Associates, Cl.R. 1171-74, David Cazares, Cl.R. 1186-88, and Juan Zamora. Cl.R. 1189-91. Admittedly, business records constitutes a well recognized exception to the hearsay rule. But Home Owner repeatedly failed to satisfy the predicate.

To fall within the ambit of the business records exception, the movant must establish:

---

[8]Home Owner's contention, i.e. relevance trumps any hearsay objection, Cl.R. 1222, is clearly without merit.

1) the records were made and kept in the course of a regularly conducted business activity;

2) it was the regular practice of the business activity to make the records;

3) the records were made at or near the time of the event that they record; and

4) the records were made by a person with knowledge who was acting in the regular course of business.

Riddle v. Unifund CCR Partners, 298 S.W.3d 780, 783 (Tex. App.--El Paso 2009, no pet.). If this predicate is not established, then the documents remain hearsay. Pennington v. Brock, 841 S.W.2d 127, 132 (Tex. App.--Houston [14th Dist.] 1992, no writ). Consequently, if the movant fails to establish this predicate, the trial court errs in considering the evidence. Good v. Baker, 339 S.W.3d 260, 273 (Tex. App.--Texarkana 2011, pet. denied).

In the case at bar, **none** of Home Owner business records affidavits satisfy the required predicate. While the affidavits satisfied the first three elements, they always failed to establish the fourth, i.e. the records were made by a person with knowledge who was acting in the regular course of business. *Nowhere in these affidavits is this element even addressed.* Cl.R. 1077-78, 1107-08, 1171-72, 1186-87, 1189-90. Accordingly, the business records exception was never established, and therefore the trial

21

court erred in considering such evidence.  Good v. Baker, supra.

To shore up some of these evidentiary defects, Home Owner did present the affidavit of Gayle King.  Such affidavit states:

> My name is Gayle King and I am the president of the Falling Water Home Owners association. . . . Under this restrictive covenant, any buyer of a lot that is located in Falling Water must submit their construction plans for approval prior to commencing construction.
>
> As the association president, I am responsible for approving the construction plans prior to construction.  On June 7, 2010, Rocass Homes L.L.C. submitted plans for approval that complied with the requirements of the deed restrictions that are property recorded with the county. The plans that were submitted by Rocass clearly reserved a 6 foot setback on the west side of lot 35.  Additionally, Rocass signed a letter that they received and understood the deed restrictions and set backs.

Cl.R. 1138.

Legal conclusions in summary judgment affidavits are not competent evidence.  Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984); Green v. Unauthorized Practice of Law Comm., 883 S.W.2d 293, 297 (Tex. App.-- Dallas 1994, no writ).  For example, an affiant's conclusions "as to the legal effects of [a] lease" are not competent summary judgment evidence.  Howe v. Kroger Co., 598 S.W.2d 929, 931 (Tex. Civ. App.--Dallas 1980, no writ). In the case at bar, the King affidavit contains similar legal conclusions, i.e.

the plans submitted satisfied the subdivision restrictions.  Cl.R. 1138.[9]  As a result, such affidavit cannot sustain the summary judgment.  See, Aldridge v. De Los Santos, 878 S.W.2d 288, 297 (Tex. App.--Corpus Christi, 1994, writ dism'd w.o.j.).

The King affidavit also suffers from another defect.  As she herself admits, Mrs. King allegedly approved the plans in question.  Cl.R. 1138.  Accordingly, while she is a not a party to the litigation, she is an interested witness; if she approved plans with the setoff was on the wrong side, fingers can rightly be pointed at her.[10]  An affidavit from an interested witness merely creates a fact issue, even if uncontradicted.  Greenville Ave. State Bank v. Lang, 421 S.W.2d 748, 751 (Tex. Civ. App.--Dallas 1967, no writ).  Thus, this affidavit cannot support the summary judgment.[11]

Similar problems repeat with Home Owner's attorney's fees affidavit.  This affidavit fails to mention the *Arthur Andersen* factors,[12] explain which factors apply, why they apply, and the fee resulting from their application.

---

[9]Home Owner completely failed to substantively respond to such defect.  Cl.R. 1220-21.

[10]Indeed, she had been sued for her misconduct in this matter.  Cl.R. 37-41.  In response, Home Owner seeks to minimize her interested nature because of timing.  Cl.R. 1221.  But regardless of when such business records were created, King's credibility is at issue.

[11]Admittedly, an exception to this rule exists: the affidavit of an interested witness can support summary judgment if it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.  Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991).  Such exception does not apply, because the De La Vega plans, which she approved, Cl.R. 1209, contradict her statement.

[12]Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).

With regard to appellate attorney's fees, only a net figure is presented, without any explanation.  Cl.R. 1174-75.  Such conclusory affidavit cannot sustain Home Owner's summary judgment burden.  <u>Eberstein v. Hunter</u>, 260 S.W.3d 626, 630 (Tex. App.--Dallas 2008, no pet.).

{3} NO COMPETENT EVIDENCE = NO SUMMARY JUDGMENT

As previously noted, the first step in adjudicating a traditional summary judgment is insuring the motion is supported by competent proof.  If the motion is unsupported by competent evidence, the trial court errs in granting the motion.  <u>Munoz v. Gulf Oil Co.</u>, 693 S.W.2d 372, 374 (Tex. 1984).  In the case at bar, Home Owner's motion was not supported by any competent proof.  Her exhibits are not sufficiently sworn.  Her documents evidence are hearsay, and exceptions to the hearsay rule were not established.  And those affidavits  presented are conclusory.  As a result, the summary judgment must be reversed.

[C] Ignoring Defects, Home Owner Presented Insufficient Evidence

In her motion for summary judgment, Home Owner sought recovery for breach of contract and for liability under the Texas Residential Construction Act, Tex. Prop. Code §27.001.  Cl.R. 982-87.  As clearly demonstrated *supra*, Home Owner's motion never reaches first base, because all her substantive evidence is incompetent.  But even ignoring the

incompetency of her evidence, Home Owner still never reaches second base in the summary judgment stadium, because her incompetent evidence fails to establish as a matter of law all the elements of her cause of action and recoverable damages.[13]

{1} NO EVIDENCE OF CONTRACT WITH HOME OWNER

When a breach of contract plaintiff seeks summary judgment, he must prove the terms of the contract. To satisfy this burden, the plaintiff must attach to his motion the full contract; "[n]either the trial court nor [the reviewing] Court is free to speculate as to its contents." Sorrells v. Giberson, 780 S.W.2d 936, 937-38 (Tex. App.--Austin 1989, writ denied). This mandate is not satisfied by attaching a portion of the contract; instead, the movant must attach the actual full and complete contract to his motion. Crawford v. Pullman, Inc., 630 S.W.2d 377, 379-80 (Tex. App.--Houston [14th Dist.] 1982, no writ). Should the plaintiff fail to attach actual full and complete contract to his motion, he has failed to prove his entitlement to summary judgment. Texas International Airlines v. Wits Air Freight, 608

_____

[13]Admittedly, Builder's summary judgment response, Cl.R. 1195-1215, does not contain the specificity of this brief. However, a non movant is entitled to attack the sufficiency of a movant's summary judgment evidence for the first time on appeal. As the Texas Supreme Court has explained, "The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. Summary judgments must stand on their own merits. Accordingly, the nonmovant need not respond to the motion to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment." M.D. Anderson Hospital and Tumor Institute v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).

S.W.2d 828, 830 (Tex. Civ. App.--Dallas 1980, no writ).

And so it is in the case at bar. As part of three summary judgment motions, Home Owner **never** presented the full and complete contract executed between the parties.[14] Cl.R. 28-493, 510-977, 978-1194. While such contract may have included terms concerning the location of the set off, it may not, and this Court is not permitted to speculate. <u>Sorrells v. Giberson</u>, <u>supra</u>.[15] Thus, Home Owner failed to prove the existence of the term which she claims was breached, precluding summary judgment. <u>Id.</u>; <u>Texas International Airlines v. Wits Air Freight</u>, <u>supra</u>.

{2} NO ENFORCEABLE CONTRACT WITH HOME OWNER'S ASSOCIATION

Alternatively, Home Owner claimed that a contract existed between her HOA and Builder, a contract which she could enforce as a third party beneficiary. Cl.R. 977-78. Such contention is premised on a certification, whereby Builder agreed that it reviewed the HOA's regulations and agreed to their terms. Cl.R. 1080. As previously mentioned, Home Owner failed to present competent evidence in this regard, because the HOA's business record affidavit failed to establish the required predicate. Cl.R. 1077-78. But even ignoring such evidentiary defects, Home Owner cannot recover on

---

[14]Such omission was pointed out to the trial court. Cl.R. 1201.
[15]Thus (and completely unrecognized by Home Owner, Cl.R. 1225), merely proving that a contract exists is insufficient; the summary judgment movant must prove the term which was breached.

26

this theory.

Every breach of contract action initially requires the existence of a valid, enforceable contract. Doss v. Homecomings Fin. Network, Inc., 210 S.W.3d 706, 713 (Tex. App.--Corpus Christi 2006, pet. denied); Mandell v. Hamman Oil & Ref. Co., 822 S.W.2d 153, 161 (Tex. App.--Houston [1st Dist.] 1991, writ denied). Completely unexplained by Home Owner herein, Cl.R. 28-493, 510-977, 978-1194, a valid contract requires mutuality of obligation.[16]

Fundamentally, a contract is an exchange of promises; each party promises something in exchange for a reciprocal promise. Domingo v. Mitchell, 257 S.W.3d 34, 40 (Tex. App.--Amarillo 2008, pet. denied). In other words, for a contract to be enforceable, mutuality of obligation must exist. In re 24R, Inc., 324 S.W.3d 564, 567 (Tex. 2010). Thus, "[a] contract that does not require a party to furnish consideration, or oblige him to do anything, lacks mutuality, is unilateral, and is unenforceable." Watson v. Citimortgage, Inc., 814 F.Supp.2d 726, 732 (E.D. Tex. 2011). As the Texas Supreme Court has explained:

> Mutuality of contract consists in the obligation on each party to do, or to permit something to be done, in consideration of the act or promise of the other. Contracts lacking in mutuality are often termed

---

[16]Mutuality of obligation can be viewed as simply another "way of stating that there must be valid consideration". 1 WILLISTON ON CONTRACTS §7:14 (4th ed. 2014).

unilateral contracts. Mutuality of obligation is an essential element of every enforceable agreement. Mutuality is absent when one only of the contracting parties is bound to perform, and the rights of the parties exist at the option of one only. And, conversely, a contract is not unilateral where it contains mutual obligations binding on both parties. . . . Reduced to its last analysis, the rule is simply that a contract must be based upon a valid consideration, and that a contract in which there is no consideration moving from one party, or no obligation upon him, lacks mutuality, is unilateral, and unenforcible.

Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1104 (1923).

In the case at bar, Builder's promise is easy to discern: compliance with the HOA's regulations.  Cl.R. 1080.  But what exactly did the HOA promise in return?  Would it aid in surveying?  Would it assist with the construction?    No; *the HOA did not promise anything*.  In actuality, the HOA was acting like a governmental zoning commission, merely providing a green light to construction, but providing nothing in return.[17]    Thus, mutuality of obligation for this alleged contract does not exist, rendering it completely unenforceable.  In re 24R, Inc., supra.

But even if a Home Owner presented sufficient evidence of mutuality of obligation, she still failed to present sufficient evidence that such alleged

---

[17]The phenomenon of home owner's associations acting as arbitrary private fiefdoms is well documented.  See, e.g., McKenzie, PRIVATOPIA: HOMEOWNER ASSOCIATIONS AND THE RISE OF RESIDENTIAL PRIVATE GOVERNMENT (1996); see also, Cl.R. 178, 232, 258, 1215.

contract was actually enforceable *by her*. Without discussing the required evidence, Home Owner merely assumed that she was entitled to enforce the alleged contract as a third party beneficiary. Cl.R. 983. But, as a review of the actual law demonstrates, such assumption is not well taken.

Axiomatically, a "third party may enforce a contract it did not sign when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party." Tawes v. Barnes, 340 S.W.3d 419, 424 (2011). However, a mere incidental benefit flowing from the contract does not provide a third party standing to enforce it. Instead, the alleged third party beneficiary must demonstrate that the contracting parties actually intended to confer a direct benefit to the third party. MCI Telecommications Corp. v. Tex. Util. Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999). In other words, in order to enforce a contract as a third party beneficiary, the plaintiff must establish (1) the contracting parties intended to secure some benefit to that third party; and (2) the contracting parties entered into the contract directly for the third party's benefit. Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 2002).

Parties are presumed to contract for themselves, Merit Drilling Co. v. Honish, 715 S.W.2d 87, 92 (Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.), and thus courts presume the alleged third party beneficiary **cannot**

enforce the contract. <u>In re SSP Partners</u>, 241 S.W.3d 162, 170 (Tex. App.--Corpus Christi 2007, pet. denied). Thus, third party beneficiary status cannot be created by implication, and any reasonable doubt as to the contracting parties' intent to confer a direct benefit on the third party precludes recovery. <u>Ortega v. City Nat. Bank</u>, 97 S.W.3d 765, 772 (Tex. App.--Corpus Christi 2003, no pet.). Furthermore, if a contract grants a benefit to a general class of individuals, a member of such class cannot enforce it as a third party beneficiary. <u>Gonzalez v. City of Mission</u>, 620 S.W.2d 918, 922 (Tex. Civ. App.--Corpus Christi 1981, no writ); <u>see</u> <u>also</u>, <u>Day Cruises Maritime, L.L.C v. Christus Spohn Health System</u>, 267 S.W.3d 42, 57 (Tex. App.--Corpus Christi 2008, pet. denied).

Such principles preclude enforcement of the alleged contract by Home Owner herein. Home Owner failed to present any summary judgment evidence that Builder and HOA intended to directly benefit her individually. Cl.R. 978-1194. At best, Home Owner claims membership within the general class of beneficiaries, i.e. residents of Falling Waters subdivision. Home Owner even admitted this. Cl.R. 983. But such membership alone does not create third party beneficiary status. Thus, Home Owner has failed to establish that she can enforce the alleged contract. <u>Day Cruises Maritime, L.L.C v. Christus Spohn Health System</u>,

30

supra; <u>Gonzalez v. City of Mission</u>, <u>supra</u>.

{3} Insufficient Evidence of Damages Presented

The standard measure of damages for a breach of a construction contract action, when destruction and rebuilding constitutes waste, is the diminution in value. Given the nebulous nature of such damages as applied herein, Home Owner instead measured her damages as the cost of the settlement she entered with the neighboring landowner, along with attendant mediation expenses and attorney's fees. Cl.R. 984-85. But as previously noted, Home Owner failed to present competent evidence of the settlement agreement and mediation expenses, Cl.R. 1158-61, and therefore summary judgment is improper. But even if this Court ignores her failure to properly prove damages, Home Owner still failed to satisfy its burden.

From a policy standpoint, inherent dangers exist whenever a litigant can obtain recoupment of settlement monies. <u>Guillen ex rel. Guillen v. Potomac Ins. Co. of Illinois</u>, 203 Ill.2d 141, 271 Ill.Dec. 350, 785 N.E.2d 1, 14 (2003). Aside from the possible corrosive effects on litigation, <u>see</u>, <u>State Farm Fire & Casualty Co. v. Gandy</u>, 925 S.W.2d 696 (Tex. 1996), the settling party may be too loose with his money, knowing that he may be reimbursed in the future. <u>Parfait v. Jahncke Service, Inc.</u>, 484 F.2d 296, 301 (5th Cir. 1973). Consequently, in this situation, the party seeking

recoupment of a settlement must prove that such settlement was made in good faith and for a reasonable amount.  Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 284 (Tex. 1998).[18]  Satisfaction of this burden generally requires expert testimony.  Amerada Hess Corp. v. Wood Group Production Technology, 30 S.W.3d 5, 11 (Tex. App.--Houston [14th Dist.] 2000, pet. denied).

Admittedly, Home Owner's alleged settlement with her neighbor does not facially reek of excessiveness.  Nevertheless, Home Owner failed to present any evidence establishing either her good faith or reasonableness.  Her affidavit does not mention this issue.  Cl.R. 1156-57.  What she should have done is presented the affidavit of her attorney, explaining why the settlement was reasonable and made in good faith.  Amerada Hess Corp. v. Wood Group Production Technology, supra.  But this topic is never broached in his affidavit.  Cl.R. 1175-76.  Thus, summary judgment is improper.

Furthermore, Home Owner failed to prove that her settlement is recoverable under the RCLA.  The statutes specifically provides:

> In an action subject to this chapter the claimant

---

[18]This burden of proving reasonableness is properly placed upon the plaintiff both out of fairness, since the plaintiff was the one who agreed to the settlement, and out of practicality, since, as between the plaintiff and the defendant, the plaintiff will have better access to the facts bearing upon the reasonableness of the settlement.  Guillen ex rel. Guillen v. Potomac Ins. Co. of Illinois, supra.

may recover only the following economic damages proximately caused by a construction defect:

(1) the reasonable cost of repairs necessary to cure any construction defect;

(2) the reasonable and necessary cost for the replacement or repair of any damaged goods in the residence;

(3) reasonable and necessary engineering and consulting fees;

(4) the reasonable expenses of temporary housing reasonably necessary during the repair period;

(5) the reduction in current market value, if any, after the construction defect is repaired if the construction defect is a structural failure; and

(6) reasonable and necessary attorney's fees.

Tex. Prop. Code §27.004(g). Omitted from such list are settlements.

"[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963). Thus, statutes must be enforced as written, City of San Antonio ex rel. City Public Service Bd. v. Bastrop Cent. Appraisal Dist., 275 S.W.3d 919, 923 (Tex. App.--Austin 2009, pet. dism'd), despite any imperfections contained therein. Stockton v. Offenbach, 336 S.W.3d 610, 618 (Tex. 2011). Similarly, the Legislature's

33

omissions are considered significant; omitted words are presumed to have been purposely excluded by the Legislature. <u>Balawajder v. Texas Dept. of Criminal Justice Institutional Div.</u>, 217 S.W.3d 20, 27 n. 6 (Tex. App.-- Houston [1st Dist.] 2006, pet. denied). Consequently (and despite any advisability), courts are forbidden from expanding the plain language of statutes. <u>HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Board</u>, 235 S.W.3d 627, 658 (Tex. 2007); <u>Treadway v. Holder</u>, 309 S.W.3d 780, 785 (Tex. App.--Austin 2010, pet. denied). As a result, Home Owner's failed to prove damages which can be awarded under the RCLA; settlement is not the cost to repair.

[D] Builder Defeated Summary Judgment by Questioning Terms

Builder believes this Court's analysis can cease at this point because Home Owner failed to satisfied to present competent summary judgment evidence. And even if such defects are ignored, Home Owner's evidence fails to establish, *as a matter of law*, a contract, enforceable by Home Owner, the breach of which caused her to suffer recoverable damages. But if this Court disagrees, the trial court *still* erred because the summary judgment evidence is disputed concerning the alleged contract's terms.

{1} Non Movant Defeats Motion By Creating A Fact Issue

"In a summary judgment proceeding, it is not the prerogative of the

34

court to judge the credibility of, or to determine the weight to be assigned to the testimony given by the affidavits." Birdwell v. Long, 508 S.W.2d 466, 468 (Tex. Civ. App.--Amarillo 1974, no writ). "The summary judgment rule is not intended to permit a trial by deposition or affidavit, and a motion for summary judgment should not be resolved by weighing the relative strength of conflicting facts and inferences." Fisher v. Yates, 953 S.W.2d 370, 380 (Tex. App.--Texarkana 1997), writ denied per curiam, 988 S.W.2d 730 (Tex. 1998); accord, Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562 63 (1962); Drew v. Lauder, 647 S.W.2d 749, 751 (Tex. App.--Corpus Christi 1983, writ ref'd n.r.e.).

Consequently, once a summary judgment movant has satisfied his heavy and horrendous summary judgment burden, Lee v. McCormick, supra, the trial court must nevertheless deny the motion if evidence of probative force exists on the material questions presented, such that reasonable men may differ as to the controlling facts. Portnow v. Berg, 593 S.W.2d 843, 845 (Tex. Civ. App.--  Houston [1st Dist.] 1980, no writ).  In other words, if the non movant has presented sufficient evidence which would prevent a direct verdict against him, the summary judgment must be denied. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19, 20 (Tex. 1963). Likewise, the summary judgment must be denied when the affidavits or

35

other evidence are contradictory, <u>Tesoro Petroleum Corp. v. Coastal Refining & Marketing, Inc.</u>, 754 S.W.2d 764, 767 (Tex. App.--Houston [1st Dist.] 1988, no writ), render the movant's evidence ambiguous, <u>Ellert v. Lutz</u>, 930 S.W.2d 152, 155 (Tex. App.--Dallas 1996, no writ), or present questions concerning credibility. <u>Ballis v. Urban National Bank</u>, 770 S.W.2d 590, 592 (Tex. App.--Houston [14th Dist.] 1989, no writ). In making this showing, the non movant may rely on the summary judgment evidence presented by the movant. <u>M.D. Anderson Hospital and Tumor Institute v. Willrich</u>, <u>supra</u>. ***Any*** significant fact issue precludes the entry of a summary judgment. <u>Roberts v. Geo Source Drilling Services, Inc.</u>, 757 S.W.2d 48, 51 (Tex. App.--Houston [1st Dist.] 1988, no writ).[19]

In this regard, the presentation of direct evidence is not the exclusive method of creating a fact issue; a fact issue may be created by presenting circumstantial evidence. "The fact that evidence is circumstantial does not render it incompetent nor destroy its probative force. Indeed, evidence of this character may be, and often is, as strong as direct and positive evidence." <u>Brazos River Conservations & Reclamation Dist. v. Harmon</u>, 178 S.W.2d 281, 292 (Tex. Civ. App.—Eastland 1944, writ ref'd). "Any ultimate fact may be proved by circumstantial evidence". <u>State v. $11,014.00</u>, 820

---

[19]Summary judgments are not determined by the weight method, i.e. whomever attaches more paper to his motion wins.

S.W.2d 783, 785 (Tex. 1991). Such evidence can be utilized to create a fact issue, precluding summary judgment. <u>See</u>, <u>Digby v. Texas Bank</u>, 943 S.W.2d 914, 923 (Tex. App.--El Paso 1997, writ denied); <u>Pena v. Neal, Inc.</u>, 901 S.W.2d 663, 671 (Tex. App.--San Antonio 1995, writ denied); <u>Motel Enterprises, Inc. v. Nobani</u>, 784 S.W.2d 545 (Tex. App.--Houston [1st Dist.] 1990, no writ).

{2} BUILDER CREATED FACT ISSUE BY DISPUTING CONTRACTUAL TERMS

As previously noted, in order to prevail on a motion for summary judgment, the plaintiff must prove the existence of the contract. As part of this burden, the movant must also prove the terms of the contract. <u>Deverian v. Aviall of Texas, Inc.</u>, 1991 WL 218799 at 4 (Tex. App.--Dallas 1991, no writ); <u>United Parcel Service v. Helen of Troy Corp.</u>, 536 S.W.2d 415, 417 (Tex. Civ. App.--El Paso 1976, no writ). Concomitantly, if the non-movant presents evidence of a dispute in the terms of the contract, then he has created a fact issue, precluding summary judgment. <u>See</u>, <u>Ward v. Crow</u>, 476 S.W.2d 77, 80 (Tex. Civ. App.--El Paso 1972, no writ).

According to Home Owner, the contract was created by acceptance of her house plans by the HOA. Home Owner claims Grupo Calqueza's plans were approved (and thus created the terms). However, Builder directly contradicts this version of the facts. Instead, it presented evidence that the

De La Vega house plans (with the lack of offset) were approved by the HOA. Cl.R. 1210.[20] Thus, the terms of the contract were no offset. This creates a fact issue, precluding summary judgment. Hall v. Harris County Water Control & Improvement Dist., 683 S.W.2d 863, 867 (Tex. App.--Houston [14th Dist.] 1984, no writ).

Furthermore, Builder cast doubt on Home Owner's and her HOA's assumptions. Both Home Owner and her HOA claimed that the setoff on the west side was established in the formation of the subdivision. But Builder actually examined the relevant documents. First, the plat for the Falling Waters subdivision did not contain a setoff on the west side. Cl.R. 1205-06, 1210. Second, the survey made of Home Owner's property before building commenced did not contain a setoff on the west side. Cl.R. 1204. Third, the HOA's foundational documents did require a setoff on the west side. Cl.R. 1209.[21] Thus, if these documents created the contract, then the terms of the contract are disputed.

The location of a setoff on the east side (as opposed to the west) is confirmed by circumstantial evidence. On the east side of Home Owner's lot is an alley way. Cl.R. 1204. Given the relatively small size of the

---

[20]Such evidence also renders HOA's affidavit ambiguous; at no point does it ever expressly state which plans were approved by HOA.

[21]Such documents were also ambiguous regarding the location of the zero set off. Cl.R. 1215.

subdivision's lots, Cl.R. 1208, 1211, common sense dictates that any dwelling be away from the alley. The reasonable conclusion (especially in light of the zero setoff), and the one drawn by Builder is that the edifice on Home Owner's lot would contain a party wall. Cl.R. 1210.

Finally, Builder has created a question about causation. Under the HOA's plans, Home Owner, not Builder, was responsible for the submitting acceptable plans. Home Owner presented the De La Vega plans, which did not contain the setoff. Builder merely constructs homes; it does not design them. Builder complied with the plans provided to it. Cl.R. 1211. As a result, Home Owner herself is responsible for any wrong location in the setoff.

[E] Recovery Under Texas Residential Liability Act

The Texas Legislature initially enacted the Residential Construction Liability Act because the Deceptive Trade Practices Act was being "used as a sword to litigate against builders." Jackson, *Unlicensed to Drill: Proposed Renovations to the Texas Residential Construction Commission Act*, 36 Sᴛ. Mᴀʀʏ's L.J. 753, 754 (2005). The statute's intent was to "provide an 'appropriate balance' between the residential contractor and owner, with respect to the resolution of construction disputes." Id. at 761.

*What the RCLA does not do is create a cause of action or derivative*

*liability.*  Tex. Prop. Code §27.005.  Instead, the RCLA superimposes modifications on existing causes of action in the construction context. Gentry v. Squires Construction, Inc., 188 S.W.3d 396, 404 (Tex. App.-- Dallas 2006 no pet.).  It changes the established standard for causation. Tex. Prop. Code §27.003; Tex. Prop. Code §27.006.  It limits the damages which would be otherwise available.  Tex. Prop. Code §27.004(g).  And it provides applicable defenses for both contractors and subcontractors.  Tex. Prop. Code §27.003.  Consequently, this statute does not provide Home Owner another avenue for relief; instead, she is still required to prove her breach of contract claim.

But this is where Home Owner's RCLA claims fail.  As clearly demonstrated herein, Home Owner cannot prevail on her breach of contract claims.  She failed to present competent summary judgment evidence.  She failed to prove the existence of the disputed term.  And the terms remains disputed.  As a result, the trial court erred in granting any relief under the RCLA.

## CONCLUSION AND PRAYER

The Texas Supreme Court held that summary judgments should not be utilized for clearing dockets: "The summary judgment is to be applied with caution and will not be granted where there is doubt as to the facts.

Although the prompt disposal of judicial business is greatly desired, it is not the main objective." In Re Price's Estate, 375 S.W.2d 900, 904 (Tex. 1964). In the case at bar, it is obvious that the trial court used summary judgment used as a docket clearing device, because her summary judgment evidence was incompetent (despite its massacre of thousands of trees) and because Home Owner's evidence was disputed, both directly and circumstantially. But because the trial court's decision is not entitled to any deference, it must be reversed.

WHEREFORE, PREMISES CONSIDERED, **ROCASS L.L.C.** d/b/a **ROCASS HOMES**, **Appellant** in the above styled and numbered cause, respectfully prays that the summary judgment of the trial court be reversed, and for all other and further relief, either at law or in equity, to which Appellant shows itself justly entitled.

Respectfully submitted,

___/s/_*Thomas G. Rayfield*_____
**Thomas G. Rayfield**
State Bar No. 16615825
1300 North Tenth Street, Suite 300
McAllen, Texas 78501-4392
Telephone (956) 994-1155
Telecopier (956) 994-1148

## CERTIFICATE OF COMPLIANCE

I, **Thomas G. Rayfield**, do hereby certify that the above and fore-

going was generated using Word 2007 utilizing 14 point and contains 9146 words.

BY:___/s/_*Thomas G. Rayfield*_____
**Thomas G. Rayfield**

# CERTIFICATE OF SERVICE

I, **Thomas G. Rayfield**, do hereby certify that I have caused to be delivered a true and correct copy of the above and foregoing document to Appellant's Counsel of Record, Armando Guerra, by regular mail, hand delivery and/or electronic delivery on this the 17th day of October, 2015.

BY_/s/_ *Thomas G. Rayfield*___
**Thomas G. Rayfield**

# EXHIBIT A

# AFFIDAVIT OF DEFENDANT

| NANCY ZAZUETA | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 7 |
| | § | |
| ROCASS L.L.C., D/B/A ROCASS | § | |
| HOMES | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

| STATE OF TEXAS | § | |
| | § | |
| COUNTY OF HIDALGO | § | |

## AFFIDAVIT OF LEONEL MORENO

BEFORE ME, the undersigned notary, on this day personally appeared Leonel Moreno, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

"My name is Leonel Moreno. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am a member manager of Rocass, LLC, d/b/a Rocass Homes. Rocass, LLC, constructed a home at Lot 35, Falling Water Subdivision, an addition to the City of McAllen, Hidalgo County, Texas. The Plaintiff chose her own architects. The Plaintiff originally provided Rocass, LLC, with plans designed by Calquetza HR Design. Attached to the Plaintiff's Second Amended Motion for Summary Judgment, Exhibit "3", are allegedly the plans prepared by Calquetza HR Design.

When the Plaintiff first brought the Calquetza HR plans to Rocass, LLC, Rocass, LLC, reviewed the plans. The Calquetza HR plans indicated a Lot size of 50 feet by 80 feet. In reality the Plaintiff's Lot size was 48 feet by 80 feet. Rocass told the Plaintiff that the Lot

1208

lines were wrong. After the Plaintiff was informed of this fact, Plaintiff provided Rocass, LLC, with plans designed by Rey de la Vega Plan Design of McAllen, Texas.

The De la Vega plan designs established the correct Lot size at 48 feet by 80 feet. An alleged copy of the De la Vega plans are attached as Exhibit "5", to the Plaintiff's Second Amended Motion for Summary Judgment. These plans provide for a setback of at least 6 feet on the East side of the property. They provide for zero set back on the West side of the property.

Rocass, LLC, presented the De La Vega plans and all necessary paper work to Gayle King of the Falling Water at Bentsen Lake Subdivision before beginning work. An alleged copy of business records of the Falling Water at Bentsen Lake Subdivision are attached to Plaintiff's Second Amended Motion for Summary Judgment, as Exhibit "2". Page 3 of that document indicates that the architect is De la Vega.

The deed restrictions indicate that a setback is required on the East side of the road (the side facing private alley) but not on the West side of the building. (See Exhibit "2" in Plaintiff's Second Amended Motion for Summary Judgment, Page 17.) In addition, the General Architectural Guidelines of Falling Water at Bentsen Lake Subdivision indicate there will be a zero Lot line on one side of the Lot. (See attached Exhibit "B" the General Architectural Guidelines of Falling Water at Bentsen Lake Subdivision: "**THERE WILL BE ZERO LOT LINE SETBACK ON ONE SIDE OF YOUR LOT.**")

In addition, Exhibit "2" to Plaintiff Second Amended Motion for Summary Judgment, contains the GENERAL PLANS OF DEVELOPMENT FOR FALLING WATER AT BENTSEN LAKES, A PLAN COMMUNITY SUBDIVISION. Page 15 of this document (Page 16 of Exhibit "2", Plaintiff Second Amended Motion for Summary Judgment) directs

2

1209

the builder to: **"REFER TO EXHIBIT "J"- SETBACKS AND CONSTRUCTION ON ZERO LOT LINES"**. A review of Exhibit "J", Page 63 of Exhibit "2" of Plaintiff Second Amended Motion for Summary Judgment, does not indicate a six foot setback on the West side of the Lot. It does however, indicate at least a six foot setback on the East side of the Lot, which was so constructed.

Exhibit 8 of Plaintiff Second Amended Motion for Summary Judgment is allegedly the survey of lot 35 by Pena Engineering. It indicates a zero lot line on the East side.

Attached hereto as Exhibit A is the Subdivision plat of the Falling Water Subdivision prepared by Javier Hinojosa Engineering of McAllen, Texas. This plat has a setback on the East side of Lot 35, but no setback on the West side of Lot 35. Instructively, there is no setback on the West side 36, but there is a setback on the East side of Lot 36. Obviously, Lot 35 and 36 were to share a common wall in between them.

I have reviewed the affidavit of Gayle King, signed on March 22, 2013. In this affidavit she states that she was responsible for approving the construction plans prior to construction for the Falling Water Subdivision. However, I disagree that Rocass Homes, LLC, ever submitted the Calquetza HR plans to her. Rocass, LLC, submitted the De La Vega plans to Ms. King, which provided for a zero lot line on the West side of the lot 35. Thereafter, Ms. King approved the De La Vega Plans.

In addition, I deny that they plans were submitted on June 7, 2010. Exhibit 4 attached to Plaintiff's Second Amended Motion for Summary Judgment indicates that the plans were submitted on June 2, 2010, and approved by Ms. King on June 7, 2010. I also disagree that the plans that were submitted reserved a six foot setback on West side of Lot 35. They did not. The plans have a setback was on the East side of Lot 35.

3

1210

In addition, in reviewing all the requirements it appears that the six foot setback on the East side of Lot 35 was contemplated within the specifications given to Rocass, LLC and on file with the county.

Ms. King has failed to indicate which set of plans she approved: The Calquetza HR design plans or the De la Vega plan design plans. Clearly the Calquetza HR plans which had six foot setback on the West side, could not have been used for construction. These plans provided for a 50 by 80 foot lot. Lot 35 of the Falling Water at Bentsen Lake Subdivision is a 48 by 80 foot lot.

Further Affiant Sayeth Not.

Leonel Moreno

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___ day of January, 2015, by Leonel Moreno, in the capacity therein stated.

ANGELINA FLORES
MY COMMISSION EXPIRES
March 17, 2018

Notary Public, State of T E X A S

4

1211

# EXHIBIT B

# FINAL JUDGMENT

Accepted by: Oscar Gonzalez

Electronically Submitted
2/23/2015 10:07:03 PM
Hidalgo County Clerks Office

NO. <u>CL-13-0209-G</u>

| | | |
|---|---|---|
| NANCY ZAZUETA<br>Plaintiff, | § <br>§ <br>§ | IN THE COUNTY COURT AT LAW |
| V. | § <br>§ | NUMBER 7 |
| ROCASS LLC, DBA ROCASS HOMES<br>Defendants. | § <br>§ <br>§ | HIDALGO COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S SECOND AMENDED MOTION FOR SUMMARY JUDGMENT

On <u>February 5, 2015</u>, the Court considered NANCY ZAZUETA'S ("PLAINTIFF") Motion for Summary Judgment. After considering the PLAINTIFF'S Second Amended Motion for Summary Judgment, the pleadings, the arguments of counsel, the response, the reply, the affidavits, the exhibits attached to the each motion along with the written objections and other evidence on file, the Court **GRANTS** PLAINTIFF'S Second Amended Motion for Summary Judgment on the claims set forth therein, and against Defendant ROCASS LLC, DBA ROCASS HOMES ("ROCASS").

This Court makes the following findings:

1. The Court finds that the DEFENDANT has not pled any counterclaim that will preclude summary judgment in this case.

2. The Court finds that DEFENDANT has not pled any affirmative defense that would preclude summary judgment in this cause.

3. The Court finds there is no genuine issue of material fact as to PLAINTIFF'S Breach of Contract Claim and PLAINTIFF is entitled to summary judgment thereon.

**IT IS THEREFORE ORDERED** that PLAINTIFF shall recover the following from the DEFENDANT:

1231

Electronically Submitted
2/23/2015 10:07:03 PM
Hidalgo County Clerks Office

a. Actual damages in the amount of <u>$18,000.00.</u>

b. Reasonable and necessary attorney fees and court costs in the amount of <u>$17,424.50</u> for the prosecution of this case through this judgment.

**IT IS FURTHER ORDERED** that this judgment finally disposes of all parties and all claims and is appealable.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to enforce this judgment through abstract, execution, and any other process.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on _____3/5/2015_____, 2015.

_____
JUDGE PRESIDING

CC:

Armando M. Guerra & Associates PLLC       VIA EMAIL: lawoffice@mandoguerra.com

Thomas G. Rayfield       VIA EMAIL: trayfield@rayfieldlawfirm.com

1232

# EXHIBIT C


# TEX. PROPERTY CODE §27.005

| Vernon's Texas Statutes and Codes Annotated |
| Property Code (Refs & Annos) |
| Title 4. Actions and Remedies |
| Chapter 27. Residential Construction Liability (Refs & Annos) |

V.T.C.A., Property Code § 27.005

§ 27.005. Limitations on Effect of Chapter

Currentness

This chapter does not create a cause of action or derivative liability or extend a limitations period.

**Credits**

Added by Acts 1989, 71st Leg., ch. 1072, § 1, eff. Sept. 1, 1989. Amended by Acts 1999, 76th Leg., ch. 189, § 7, eff. Sept. 1, 1999.

Notes of Decisions (4)

V. T. C. A., Property Code § 27.005, TX PROPERTY § 27.005
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.